# Oakland Railway Company *versus* Fielding.

*Action for damages by parent for injury to son.—Liability of company bound to keep road-bed in proper repair, for accident occurring by reason of defect therein.—Degree of care required of minors.—Concurring negligence discussed.*

1. Where a boy, between sixteen and seventeen years of age, in running with a fire-engine at night, upon an alarm of fire, on the road-bed of a railway company which they were bound to keep in proper repair, stepped into a hole therein, fell across the track, was run over by the engine, and his leg crushed,

[Oakland Railway Co. *v.* Fielding.]

requiring amputation; the rule of damages, in an action by the father against the company, was compensation for the loss of services, for nursing, and for surgical and medical attendance.

2. Where the rule was correctly given in the charge of the court, an affirmance of the point of the plaintiff relative thereto, in terms somewhat exceptionable, is not a ground of reversal.

3. If the injury would not have occurred but for the hole in the road-bed, the defendants' negligence, in suffering it to be there, was held a cause of the injury sufficiently proximate to entitle the plaintiff to maintain his action.

4. Though the defect in the road-bed was not caused by any act of the company, yet if they knew of its existence, and that the street was made dangerous thereby, it was their duty to have it repaired; and neglecting to repair, they were liable for the consequences of their negligence.

5. Whether or not the plaintiff's son was guilty of negligence or misconduct which contributed to the injury was a question for the jury; and where they were instructed, in estimating the degree of care required, to consider the age, intelligence, and physical strength of the boy, and apply to his conduct the same standard that they would in judging of boys of like age, strength, and intelligence; and that if it was common for such boys to run with fire-engines, as the plaintiff's son did at the time of the accident, the jury should take the fact into consideration, in determining whether his conduct was reasonably prudent when he was injured; the instruction was held not erroneous.

Error to the District Court of *Allegheny county.*

This was an action on the case by John Fielding against The Oakland Railway Company, to recover damages for injury sustained by his minor son, alleged to have been occasioned by the negligence of the defendant in not keeping Third street, in the city of Pittsburgh, over and along which the track of their railroad is laid, in good and proper repair.

The material facts were these:—On the night of the 10th of April 1863, about nine o'clock in the evening, there was an alarm of fire in the lower part of the city, and some members of the Duquesne Fire Engine Company and others, of whom plaintiff's son was one, started to run the engine to the fire. As they were running down Third street, opposite the St. Charles Hotel, a short distance from Wood street, the plaintiff's son and a man named Reams fell, and the engine ran over them, killing the latter and crushing the right leg of the former, so that amputation became necessary, and otherwise injuring and impairing his health and strength.

At or near where the plaintiff's son fell, and the engine ran over him, there was a hole in the street, between the rails of defendants' track, about three feet long, two and a half wide, and from six to eight inches deep.

The plaintiff alleged that as his son was running down Third street, with his hand holding the rope, assisting to draw the engine, he stepped into this hole in the street, without observing it, which caused him to fall, and to receive the injury which resulted in the loss of his leg; that it was the duty of the defendants to keep the street, between the tracks of their railroad where

the hole was, in good repair, so as to be travelled by the public with safety, and that in consequence of their neglect of duty in this respect, his son fell, and his leg was crushed by the wheels of the engine he was assisting to draw,. and he brought this action to recover damages, to compensate him for the loss of his son's service, and the expense of nursing and procuring for him surgical and medical attendance.

The defendant moved the court to enter a judgment of nonsuit, under the Act of Assembly, for the following reasons, viz.:

1. That taking all the facts to be true, as shown by the plaintiff, they do not constitute such negligence on part of the defendant as entitles plaintiff to recover.

2. That the hole alleged to have been negligently left open between the tracks of defendant's railroad was not the proximate cause of the injury sustained by plaintiff's son.

3. That plaintiff has not shown that the Oakland Railway Company were the owners of or had control of that portion of the street where the accident happened, at the time the injury was sustained by plaintiff's son.

The court below overruled the motion.

The defendants then requested the court to charge the jury,

"1. That the title to the property and franchises of the Pittsburgh and East Liberty Passenger Railway Company, on the 10th day of April 1863, was in William H. Brown and Adam Reineman, and under the evidence of the plaintiff, the present defendant is not liable for the alleged negligence.

"2. That the alleged negligence of the defendant was not in law the proximate cause of the injury to the plaintiff's son.

"3. That if the jury believe, from the evidence, that the plaintiff's son was guilty of the want of ordinary care in running with the engine at the time he was injured, and that, considering his age, it was an exposure of his person to injury so to act, and that his want of such care contributed to produce his injury, plaintiff cannot recover.

"4. That if the jury believe, from the evidence, that the plaintiff's son was in the habit of running with the engines, and such was misconduct on his part, and that the father had knowledge of this, and neglected to warn him of the danger of so doing, and, by reason of such failure to apprise him of the danger likely to result therefrom, he was injured, such omission of duty will constitute negligence on his part, which will preclude his recovery.

"5. That the City of Pittsburgh, or the owners of the property adjacent to a street therein, are in law liable, from any want of care in putting any street in repair, which may have been opened for the purpose of putting in water-pipes, and in this case the defendants, if the jury believe the hole was not made by them,

[Oakland Railway Co. *v.* Fielding.]

but by some person else, are not liable for any injury resulting therefrom.

" 6. That the arrangements by Act of Assembly relative to the repair of the streets by the Oakland Railway Company, cannot be the basis of the plaintiff's action in this case, there being no privity of contract between him and the company, and as a consequence he cannot recover.

" 7. That if the jury believe, from the evidence, that it is doubtful whether the plaintiff's son stepped into the hole and fell, or was thrown down after he passed it, by stumbling upon the street and falling, owing to the rapid rate of speed at which the engine was running, they should find for the defendant.

" 8. That before the jury can find for the plaintiff, they must be satisfied from the evidence that the negligence of the defendant caused the injury to his son, and that if the boy was guilty of any negligence which contributed to occasion the injury, the plaintiff cannot recover.

" 9. That the jury, in judging of the conduct of the plaintiff's son, at the time of the injury, must disregard the acts of other boys in running with a fire-engine, as a means of fixing the measure of care which he ought to have exercised under all the circumstances of the case, considering his age.

" 10. That the plaintiff having omitted to give any evidence as to the value of the services of his son, the jury should not find any sum therefor, and have no right to proceed upon mere conjecture as to what it would be.

" 11. That the jury, even if they should be permitted to find the value of the services of the son, are confined to a period of four years and eight months, the time from the date of the accident until he would arrive at the age of twenty-one years.

" 12. That the jury cannot, in finding a verdict for the plaintiff, allow anything by way of compensation for his wounded feelings and mental anxiety, consequent upon his son's injury, but are restricted to the value in money, loss of the son's services until he arrives at the age of twenty-one years (being his net earnings, after deducting the necessary expenses of his maintenance and clothing), together with reasonable expenses for medical services, nursing, and the like."

The court below (WILLIAMS, J.) affirmed the third, fourth, seventh, eighth, eleventh, and twelfth points, and negatived the first, second, fifth, sixth, ninth, and tenth.

In the general charge, after stating the material facts, the learned judge instructed the jury as follows :—

1. That defendants being the equitable and real owners of the road and in possession of it, were as much bound to keep in repair the street over which their track is laid, as if the legal title had been vested in them instead of being vested in trustees, for their use.

[Oakland Railway Co. *v.* Fielding.]

2. In regard to the responsibility of defendants for the condition of the street, inasmuch as the hole was not made by them but by some other person, in putting water-pipes into the St. Charles Hotel, the learned judge said:—

"It does not follow that the defendants are not liable for an injury occasioned by the hole if it was not made by them. It was their duty to keep the street in good repair, and they are primarily liable for an injury occasioned by the want of such repair. Whatever may have been the cause of the hole, if the defendants had notice of its existence, and knew that it rendered the street dangerous, it was their duty to repair it or have *it* repaired, and if they failed in the performance of their duty in this respect, they are liable for the consequences of their negligence. They would not be responsible for an injury occasioned by an opening in the street for the purpose of putting in or repairing water-pipes, or by the negligent and improper manner in which the opening was filled by those having charge of the work, if such injury should occur during the progress of the work, or before they had notice of the defective manner in which it was done. For in such case they would not be guilty of negligence. But if they had notice of the condition of the street, and that it had become dangerous, in consequence of the negligent and improper manner in which the opening was filled and paved, it would be their duty to repair the street, or cause it to be repaired; and if they should knowingly suffer it to remain out of repair, and in a condition unfit and dangerous for travel, they would be responsible for the consequences of their negligence in this respect. If, then, the defendants had notice of the hole, if they knew that it rendered the street unfit and dangerous for public travel, and if they knowingly suffered it to remain in that condition without an effort to repair it, from the time they purchased and took possession of the road until the happening of the injury, they were guilty of negligence, and are responsible for its consequences, although the defect in the street may have been occasioned by the sinking of the earth, which was filled into the opening made for the purpose of putting in or repairing the water-pipes supplying the bath-rooms of the St. Charles Hotel with water. If this was the cause of the defect, and if, as between the defendants and the party whose negligence caused it, it was the duty of the latter to repair the street, as between the defendants and the public it was the duty of the former to see that it was done. The question is not whether the city or the owner of the hotel is responsible to the defendants, but whether the defendants were guilty of such negligence in suffering the street to remain out of repair as renders them responsible for an injury occasioned thereby. And the court instruct the jury that if they knowingly suffered it to remain out of repair,

[Oakland Railway Co. v. Fielding.]

they are responsible for the damages sustained by plaintiff, in consequence of the injury to his son, if occasioned thereby."

As to whether the negligence or misconduct of plaintiff's son contributed to the injury he received, and deprived the plaintiff of a right to recover, even if defendants were guilty of negligence in not keeping the street in repair, the court said :—

" The law is well settled that there can be no recovery for an injury by one whose negligence or misconduct has contributed to the injury he has received. And this principle is equally applicable to the case of a father who sues for damages arising from an injury to his son. But in judging of the negligence or misconduct of the son the jury will consider his age and capacities, and apply to his conduct the same standard that they would apply in judging the conduct of boys of like age and capacity. Ordinarily boys have not the same judgment, experience, and discretion as men. But this boy was between sixteen and seventeen years of age at the time of the accident, and must be considered as capable of exercising the same degree of care and discretion that boys of his age ordinarily exercise. If judged by his standard he was guilty of negligence or misconduct, which contributed to the injury he received, the plaintiff is not entitled to recover. But if the injury occurred without any fault or negligence on his part, the plaintiff is entitled to recover, if it was occasioned by the negligence of the defendants in not keeping the street in proper repair.

" The main questions arising in this case, and the principles of law which should govern their decision, have never been considered; and we shall therefore, without further instruction or comment, proceed to read and answer the points which have been submitted by the counsel." (The court here read and answered the points, as above stated, and then proceeded) :—

" These are all the instructions the court has to give upon the question of law arising in this case; and it will be the duty of the jury in accordance therewith to determine :

" 1st. Whether the street was or was not out of repair, and in a condition fit and safe for the public travel; and whether the defendants had notice of the condition of the street, and knowingly suffered it to remain in an unfit and dangerous condition ?

" If the testimony of the witnesses is believed, the street was not in good repair. There can be no doubt that such a hole as they have described must have rendered the street dangerous to those travelling it, especially in the night, but if the defendants' cars were running over it daily for more than a month prior to the happening of the accident, they must have seen and known that the hole was there. The jury would be warranted in presuming and finding that they had actual notice of its existence, and if so, it was their duty to repair it.

" 2d. Whether the hole was the cause of the injury which the

plaintiff's son received. Did his son fall, and was his leg crushed by the engine in consequence of the hole? Did he step into the hole without observing it, and did this cause him to fall and be run over by the engine he was assisting to draw? If so, the hole was the cause of the injury, and the defendants, in suffering it to be there, were guilty of such negligence as would render them responsible for the damages sustained by the plaintiff, if his son was injured without any fault or negligence on his part. But if the plaintiff's son did not step into the hole, or was not injured in consequence of it, the plaintiff is not entitled to recover.

" 3d. Was the plaintiff's son guilty of any negligence or misconduct which contributed to the injury?

" If he was, it must have consisted in one of two things, either in running with and assisting to draw the engine, or in the manner in which he did it. Was it then negligence or misconduct in the plaintiff's son, under the circumstances, to seize the rope and help to draw the engine to the fire when the alarm was given? In determining this question the jury will consider all the circumstances as they existed at the time the alarm was given. The hour of the evening, the weight of the engine, the descending grade of Third street, the age, strength, size, and activity of the plaintiff's son, and if it was the habit of boys of his age and capacity to run with the engines to a fire, and to assist in drawing them, the jury may take the fact into consideration in determining whether or not the plaintiff's son was guilty of negligence or misconduct; the plaintiff's son was bound to exercise the same degree of caution, prudence, and discretion that other boys of his age and capacity ordinarily exercise. If he did this, he was exercising ordinary care and prudence, but if not he was guilty of negligence.

" If the jury find that it was not negligence or misconduct in the plaintiff's son to run with the engine under the circumstances, was he guilty of negligence or chargeable with any want of care, owing to the rate of speed or the manner in which he was running? was the engine running at an unusual and very rapid rate of speed, or was it going at a safe and prudent rate of speed; such a rate as a boy of the age and strength of plaintiff's son would have no difficulty in running safely, if the street had been in proper condition? Was the plaintiff's son guilty of any negligence or misconduct which contributed to the accident, or might he have avoided it by the exercise of proper care? If so, the plaintiff is not entitled to recover. But if he was guilty of no misconduct or negligence, if it would have been safe and prudent for him to run with the engine as he did, but for the hole in the street, then the plaintiff is entitled to maintain this action, and to recover such damages as he has sustained.

[Oakland Railway Co. *v.* Fielding.]

" He is not entitled to recover damages for the injury his son has received. He is only entitled to recover such damages as he has sustained in consequence of his son's injury, viz.: compensation for the loss of his services, for nursing, and for surgical and medical attendance. The verdict of the jury should not be unreasonable or extravagant, but it should be sufficient to compensate the plaintiff for the care and expense to which he has been put in consequence of the injury to his son and for the loss of his services."

There was a verdict and judgment in favour of plaintiff for $1800. Whereupon the defendant sued out this writ, averring that the court below erred :—

1. In overruling defendant's motion for judgment of nonsuit.

2. In affirming plaintiff's seventh point, which was as follows, to wit: " The damages in this case include loss of service to the plaintiff from his son until the age of twenty-one years, expense of medical attendance and nursing, and such other expenses as are rendered necessary by the injury."

3. In refusing to charge as prayed for in defendant's second point, to wit: " That the alleged negligence of defendant was not the proximate cause of the injury."

4. In refusing to charge as prayed for in defendant's fifth point, to wit: " That the city of Pittsburgh, or the owner of the premises adjacent to a street therein, are in law liable for any want of care in putting any street in repair, which may have been opened for the purpose of putting in water-pipes; and in this case, if the jury believe the hole was not made by them but by some person else, are not liable for any injury resulting therefrom."

5. In refusing to charge the jury as prayed for in defendant's ninth point, to wit: " That the jury, in judging of the conduct of the plaintiff's son at the time of the injury, must disregard the acts of other boys in running with a fire-engine, as a means of fixing the measure in this case, which he ought to have exercised under all the circumstances of the case, considering his age ;" and

6. In refusing to charge the jury as prayed for in defendant's tenth point, to wit: " That the plaintiff having omitted to give any evidence as to the value of the services of his son, the jury should not find any sum therefor, and they have no right to proceed upon mere conjecture as to what it would be."

*John Mellon* and *Hampton & Bells*, for plaintiff in error.

*J. D. Hancock*, for defendant.

The opinion of the court was delivered, October 27th 1864, by WOODWARD, C. J.—We have looked attentively through the

[*Oakland Railway Co. v.* Fielding.]

answers of the court to the several propositions submitted, and we detect no error whatever in any of them. Indeed, it seems to us that the charge presented the case to the jury with great clearness and precision.

The first error assigned was not pressed, and in view of the proofs it was well abandoned.

The second error assigns the language of the plaintiff's seventh point rather than that of the court. The concluding sentences of the charge furnished the rule of damages in terms less exceptionable than those of the seventh point, and of them, there is neither complaint nor reason for complaint.

It is impossible for us to assign the reasons for overruling the second, fifth, ninth, and tenth points of the defendants, more satisfactorily than the learned judge has done, and after all that has been urged against his rulings, it is impossible to doubt their soundness. We will not renew the discussion, but refer ourselves to the reasons already upon the record.

If the jury exceeded, somewhat, the bounds of a sound discretion in assessing the damages, they erred through no fault of the court, and they are not within reach of our corrective power.

The judgment is affirmed.