Niblack, J.
— This was a suit by James Lilly against the Pennsylvania Company, for killing his infant child. A demurrer to the complaint for want of sufficient facts being first overruled, the defendant answered in general denial. A jury returned a verdict, for the plaintiff, assessing his damages at eighteen hundred dollars, and, in disregard of a motion for a new trial, judgment was rendered against the defendant upon the verdict.
The first error assigned is upon the overruling of the demurrer to the complaint. The complaint charged that the •defendant owned and operated a line of railroad known as the Pittsburgh, Fort Wayne and Chicago railroad, extending into and across the county of Marshall in this State, and *253 through the incorporated town of Bourbon in that county, and through the business and residence portion of that town, cutting its streets diagonally; that it was the general custom of the citizens of that town to use that portion of the track of said railroad, extending from Main street, at what is known as “Sheets’ corner,” eastward to the defendant’s depot buildings, a distance of about thirty rods, as a public highway, or footpath, for all.persons passing and repassing, which custom had existed ever since the location and construction of said railroad, and was well known to, and understood by, the defendant’s servants ; that on or about the 11th day of March, 1874, the plaintiff’s daughter Emma, who lived with him and was five years of age, left his house to go to school, the school-house being about half a mile distant, and on the opposite side of the railroad track from the plaintiff’s house; that the said Emma went upon the railroad at the point where Main street crossed it, and pursued her way eastward on the track of said railroad in the direction of the school-house, being thus upon that portion of such railroad as was commonly used as a footpath, as above stated; that while the said Emma was so pursuing her way, on said railroad track, an express train, in charge of the defendant’s servants, came speeding along, from the west to the east, the track being straight and without obstruction, and the said Emma being in full view of the defendant’s said servants in charge of said train for the distance of one thousand feet, but that the said servants of the defendant, wholly neglecting and refusing to check the speed of said train, or to do anything to avoid a collision with, or injury to, the said Emma, carelessly, recklessly, and wilfully drove said express train at the high and dangerous rate of speed of forty miles per hour through the said town of Bourbon and against the said Emma, thereby killing and destroying her, the said Emma; that, at the time the said train was so run against her, the said Emma was making *254 every effort, which, by reason of her immature years and frightened condition, she was capable of making to save herself from injury, which, efforts on the part of the said Emma were well known to and observed by the defendant’s said -servants in charge of said train ; that, by reason of the said negligent, reckless and Avilful killing of the said Emma, the plaintiff had been made to suffer great mental pain and anguish, had been deprived of the happiness and comfort of her society, and had thereby suffered great damage. Wherefore the plaintiff demanded judgment for ten thousand dollars and for all other proper relief.
It is well settled that, in an action by a parent for the death of his child, he is entitled to recover only for the pecuniary injury he has sustained, and that the proper measure of damages is the value of the child’s services from the time of the injury until he would have attained his majority, taken in connection with his prospects in life, less his support and maintenance. To this may be added, in proper cases, the expenses of care and attention to the child, made necessary by the injury, funeral expenses and medical services. 2 Thompson Negligence, 1292; Shearman & Red-field Negligence, sec. 608; 2 Waits’ Actions & Defences, 477 ; Cooley Torts, 270 ; 2 Addison Torts, paragraph 1273 ; The Ohio, etc., R. R. Co. v. Tindall, 13 Ind. 366.
To enable the parent, however, to recover full damages for the services of the child during his minority, such damages must be specially declared for and demanded. This requirement is in accordance with the rules of good pleading, and is recognized as obligatory in the case of Gilligan v. The N. Y., etc., R. R. Co., 1 E. D. Smith, 453, AArhich has become a leading case in actions of the class to Avhich this belongs, and which has been either cited approvingly or folloAved by many of the text-Avritert and other decided cases. Safford v. Drew, 3 Duer, 627; Rogers v. Smith, 17 Ind. 323.
*255 Counsel for the appellant insist that the complaint was bad, because it did not specially allege loss of services on account of the death of the appellee’s child, and that, for that reason, the demurrer to the complaint ought to have been sustained. The complaint ought to have been more specific as to the loss of services resulting from the death of the child, but we can not hold that it was not good as a demand for some loss of services. On the contrary, we think a fair construction of the facts alleged in it constituted the complaint a good demand for loss of services from the time of the death of the child until the commencement of this action, a period of a little more than five months. Accepting this construction of the complaint, it was correctly held to be sufficient upon demurrer.
Error is also assigned upon the refusal of the court to • .grant a new trial.
Counsel for the appellant, further insist that the damages were excessive, and that a new trial ought to have been granted for that cause, if for no other. There was no evidence tending to show any loss of services to the appellee, except what might have been inferred from the age of the child, her relationship to the appellee, and the circumstances attending her death. Considered with reference to the evidence, and to the fact that the complaint did not constitute a demand for the loss of future services of the child, we are of the, opinion that the damages were excessive, and that the court erred in overruling the motion for a new trial. As to the evidence necessary to make out a ease for damages for loss of services, in a case like this, the reader is referred to 2 Thompson Negligence, 1,289, note 90.
As this cause will have to be returned to the court below for another trial, we express no opinion upon other questions presented upon the evidence. The Cincinnati, etc., R. R. Co. v. Chester, 57 Ind. 297 ; Canny. Worman, 69 Ind. 458.
The judgment is reversed, with costs, and the cause remanded for a new trial.