The Louisville, New Albany and Chicago Railway Company v. Rush.

Filed March 19, 1891.

---

No. 14,894.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. RUSH.

127 545
157 431
127 545
h152 653
162 657

DAMAGES.—*Child.—Parent's Right to Recover for Loss of Services.—Kindness and Attention to Family.*—In an action by a father for the death of his child it is not error to instruct the jury that in estimating his damages they may consider the condition of his family at the time of the acci- ·dent, take into account all the services the child might reasonably have performed in the family until it attained its majority, including actual labor in helping to carry on the household affairs, the pecuniary acts of kindness and attention which might reasonably be anticipated that it would have performed which would administer to the family's comfort as

The Louisville, New Albany and Chicago Railway Company *v*. Rush.

well as their necessities, if accompanied by the statement that they can not consider the fact that the father has been deprived of the happiness, comfort and society of his child, nor acts of affection simply and loss of companionship, and that the recovery is limited by law to the actual pecuniary loss.

PRACTICE.—*Objections to Question.*—Only objections raised in the trial court to a question put to a witness will be considered in the Supreme Court; and other grounds for the exclusion of such a question will not there be available.

NEGLIGENCE.—*Contributory.*—*Crossing Track.*—*Approaching Train Obscured by Cars Standing on Side-Track.*—A child seven years of age attempting to cross a railroad track at a street crossing, when a train standing on such crossing is so moved as to give a clear passage way, is not guilty of such contributory negligence as will defeat a recovery by its father, if another train on an opposite and parallel track, and only a few feet from the first track, unseen by the child, suddenly strikes and injures such child in attempting to cross the second track, when if it had remained standing between the tracks it would have escaped injury.

From the Carroll Circuit Court.

*C. C. Matson* and *E. C. Field*, for appellant.

*E. P. Hammond, W. B. Austin, C. R. Pollard* and *R. C. Pollard*, for appellee.

OLDS, C. J.—On the 21st day of September, 1887, the appellee's daughter, then nearly seven years of age, was struck and killed by appellant's train of cars, at Monon, Indiana. The appellee brought this suit, and recovered a judgment for damages. From this judgment the appellant appeals, assigns, and discusses three alleged errors. The first is that the court erred in giving the following instructions to the jury :

" In estimating the plaintiff's damages the jury may consider the condition of his family at the time of the alleged accident, and take into account all the services that his child, alleged to have been killed, might reasonably have performed in his family until she attained her majority, and such services may include actual labor in helping to carry on the household affairs, and the pecuniary value of all acts of kindness and attention which might reasonably be anticipated

that she would have performed for the plaintiff and his family, until her majority, that would administer to their comfort, as well as to their necessities; but the jury should not consider acts of affection, simply, and loss of companionship. The recovery is limited by the law to the actual pecuniary loss."

The court, at the request of the appellant, also gave to the jury another instruction upon the same subject, which must be considered in connection with the one complained of. The additional instruction given reads as follows:

" In any form of verdict you may adopt you are required to state in writing such sum of money as you assess the plaintiff's damages at in the event that he may, under the law, be entitled to recover under the facts as found by you. I, therefore, instruct you that in estimating and considering the amount of such damages you can only take into consideration the pecuniary injury, if any, that the plaintiff has sustained by the loss of services of the deceased from the time of her death until she would have reached the age of twenty-one years, if she had lived. In other words, the proper measure of damages is the pecuniary value of the child's services from the time of her death until she would have attained her majority, taken in connection with her prospects in life, less her support and maintenance. You are not at liberty to consider the fact, if it be a fact, that the plaintiff has been deprived of the happiness, comfort and society of his daughter, nor can you consider any physical or mental suffering or pain which may have been incurred by the plaintiff or his family, or the deceased child, by reason of the injuries described in the complaint. You are simply to estimate the value of the child's services to the plaintiff from the time of her death until she would have attained her majority, less the cost of her support and maintenance, including clothing, boarding, schooling and medical attendance."

The instruction given by the court, on its own motion,

when read in connection with the other instruction given, we do not think is erroneous.

It is urged that the jury has no right to take into consideration the condition of appellee's family in estimating his damages.

The appellee is entitled to recover for the pecuniary loss sustained on account of the death of the child. It is the pecuniary loss sustained by the father that the jury have to estimate and fix a value upon. The jury can not rationally estimate and determine the amount of this loss without considering the condition of the appellee's family with respect to and use for the child. This was what the jury were considering, and the instruction, taken in connection with the other instruction on the same subject, did not infer that the condition of the family should be taken into account except in relation to and bearing upon the value of the child's services.

The conditions of appellee's family might have been such that the services of the child would be of no value to him, or they might have been such as to have been very valuable.

In the case of *Citizens Street R. W. Co.* v. *Twiname*, 121 Ind. 375, the wife of the appellee was engaged in managing a millinery business for her husband without charge to him, and it was held that it was proper to admit evidence of the value of the services of the wife in the capacity in which she served her husband ; that the husband was entitled to recover for the damages sustained on account of the loss of the services of the wife, and the value of her services and loss sustained by reason of her inability to perform them depended on the character and value of the services which she was capable of performing and accustomed to perform for her husband. *Pennsylvania Co.* v. *Lilly*, 73 Ind. 252.

The instruction also states that the jury may consider " the pecuniary value of all acts of kindness and attention which might reasonably be anticipated that she would have performed for the plaintiff and his family until her majority

that would administer to their comfort as well as to their necessities."

The jury are expressly told in this instruction that they shall not consider acts of affection simply, and loss of companionship, and this admonition and express prohibition from considering mere acts of affection, companionship, happiness, comfort and society of the child which the appellee has been deprived of by the loss of the child, are repeated and stated more definitely in the other instruction, and they are further told they shall not consider any mental anguish suffered on account of the death of such child.

Under these instructions all that the words " pecuniary value of all acts of kindness and attention " could be understood to apply to, are such acts of kindness and attention as it would be expected a child would render to the members of the appellee's family which would be of some pecuniary value, the nursing of sick members of the family, and other favors and acts rendered, attending to the other children, all may be said to be acts of kindness and attention which are reasonably expected to be performed by a daughter while a member of the family, and they are of value to the father, for, if not performed by her, other help must necessarily be provided to perform them. There was no error in giving this instruction.

The next question presented is in regard to the admission of evidence. The appellee was permitted to ask a witness to state what, in his opinion, would be the value of the services of a girl of ordinary ability, between the ages of twelve and twenty-one years, in performing labor in her own family; also, the same question relating to the ages of seven and twelve years. These questions were objected to and the objection overruled, and they were answered.

It is contended that the witness was asked to express an opinion upon the question the jury was to pass upon, and that a witness could know no more about the value of such

services than the jurors who were to pass upon and fix the value.

We do not think the question of the incompetency of such evidence on the grounds urged is presented by the record, for the reason that the objection made and stated to each of the questions at the time they were propounded to the witness, as shown by the record, is that the " defendant objected to the question for the reason that the witness has not stated that he was acquainted with the value of the labor of girls of that age."

The questions were not objectionable on the grounds stated, as the witness showed himself to have some knowledge on the subject to which the questions related.    To make an objection to a question available, the grounds of the objection must be stated and pointed out to the trial court, and other and different grounds of objection to the evidence from that stated can not be made available for the first time in this court, hence we do not consider the objection urged. *Clanin* v. *Fagan*, 124 Ind. 304 ; *Lake Erie, etc., R. W. Co.* v. *Parker*, 94 Ind. 91.

The next and only other alleged error discussed is that the court erred in overruling appellant's motion for judgment in its behalf on the special verdict.

It is contended that no such facts are found and stated in the verdict as show the appellee and the child to have been without fault and not guilty of contributory negligence.

In the town of Monon the railroad of the appellant crosses Race street, one of the principal streets of the town, and a street much used, at right angles. Race street runs north and south, and the school-house, post-office, churches and all the public buildings lie to the north of the appellant's railroad. The appellee lived south of the railroad, and his child, the daughter that was killed, together with many other children of the same age, and others, crossed said appellant's railroad at Race street in going to and returning from school in the morning, at noon and in the evening.    There are two tracks

crossing Race street. On the day of the injury the little girl of the appellee who was killed was returning home with a number of other children about her age, and two young ladies, from school at noon for her dinner; as they approached the track from the north there was a freight train on the north track standing across Race street headed to the west. They waited for a time when the freight on the north track backed to the east, making it safe for the school children, so far as harm from that train was concerned, to cross the track, which they proceeded to do in great haste. The freight train upon the north track had attached to the engine a number of box cars which excluded from view another freight train standing upon the south track, east of Race street, headed to the east, the rear end of the train being east of the crossing at Race street, the engine being about three hundred feet west of said street, and having attached to it some box cars next to the engine, and some coal cars at the rear end. The box cars of the train on the north track, being higher than the coal cars, excluded from the view of the daughter of the appellee and other children and persons with her the train on the other track, so they had no knowledge of the presence of any train but the one. When that backed out of the way they immediately hastened to cross the tracks, the child of the appellee being a little in advance of the others. As she was crossing the second track she was struck by the rear car of the train on that track which was being run backward at the rate of seven miles per hour, and crossing said Race street without any person being stationed at the street crossing to warn people and school children about to cross of the danger, and without any person stationed on the rear of the train to give warning of the approaching train which was being run backwards.

The company had full knowledge of the use made of the street, and that numerous school children crossed at that time of day ; that prior to, and at the date of, the injury, the ap-

pellee had knowledge of the general running of the trains upon said appellant's road, and across said Race street, but had no knowledge of the running of trains backward across said street, as the train which ran over and killed his daughter was being run ; that he had cautioned his daughter to be careful in crossing said street, to avoid danger. It is further found that appellee's daughter, who was killed, was a bright, intelligent child, seven years of age, and she, with many other school children, had been accustomed to crossing and recrossing the track at said Race street in attending school, and doing errands.

The facts found do not entitle the appellant to a judgment. There was no negligence on the part of the appellee, or the child. The train which was being run backward, and ran over the child, was obscured from the view of the children by reason of the freight train on the track nearer to them ; the train nearer to them backed up off the street, giving an opportunity to them to cross, and was an invitation to them to pass over the crossing, which they attempted to do speedily, and in making the attempt the child of the appellee was run against and killed by the train on the opposite track, which was obstructed from her view. The bell used for signalling the approach of the train was upon the engine at the opposite, or what was then the rear end of the train, and, under the circumstances, was no warning of the approach of cars three hundred feet in advance of the engine. The train on the track nearest to the children, backing off the street crossing, no other train being in view, they had a right to accept such movement as an invitation to cross, which they attempted to do speedily, and in so doing they were run upon by an unexpected train, of the approach of which no proper signal was given ; under the circumstances the failure of the child to stop and look between the tracks was not negligence. The one train having backed and given an opportunity to cross, she had no reason to anticipate that another train, hidden from view, would come upon her, rear

end in front, to crush her to death. *Louisville, etc., R. W. Co.* v. *Schmidt,* 126 Ind. 290; *Rauch* v. *Lloyd,* 31 Pa. St. 358; *Barry* v. *New York Central, etc., R. R. Co.,* 92 N. Y. 289; *Byrne* v. *New York Central, etc., R. R. Co.,* 83 N. Y. 620; *Indianapolis, etc., R. W. Co.* v. *Pitzer,* 109 Ind. 179.

There is no error in the record.

Judgment affirmed, with costs.

