SOUTHERN INDIANA RAILWAY COMPANY v. MOORE.

[No. 4,753.   Filed November 29, 1904.]

1. MASTER AND SERVANT.—*Assumption of Risk.—Known Dangers.*— In an action by a servant against his master for damages for personal injuries it is reversible error for the trial judge to fail to instruct the jury that such servant assumed all risks of which he had actual knowledge, although the judge had instructed the jury that such servant assumed all risks equally open to such servant and to

the master, and also all risks discoverable by the exercise of ordinary care by such servant.    p. 156.

2. DAMAGES.—*Measure of.*—*Action by Parent for Death of Child.*— In an action by a parent for damages for the death of his minor child, the measure of damages is the value of such child's services until majority, taken in connection with such child's prospect in life, less the cost of such child's support and maintenance. And to this, in proper cases, the expense of care and attention made necessary because of such injury should be added.    p. 157.

3. SAME.—*Measure of.*—*Question for Jury.*—In an action by a parent for damages for the death of his minor child, the measure of damages is not limited to the amount such child might earn in wages, but embraces all services such child may render, the value thereof being a question for the jury.    p. 157.

4. SAME.—*Measure of.*—*Board and Clothing.*—*Evidence.*—In an action by a parent for damages for the death of his minor child it is proper to deduct from the gross damages suffered the cost of the board and clothing for such child, and it is error to exclude evidence tending to show the value of board and clothing at the place where such child lived.    p. 157.

5. TRIAL.—*Damages.*—*Interrogatories as to Items of Damage in Cases of Tort.*—In an action of tort by a parent for damages for the death of his minor child it is proper for the trial court to refuse to submit interrogatories to the jury asking such jury to itemize the elements of damage.    p. 158.

6. DAMAGES.—*Measure of.*—It is proper for the mother in an action by her for damages for the death of her minor child to show that such child had contracted for a home for her and was paying for same, her loss being a question for the jury.    p. 159.

From Lawrence Circuit Court, *James B. Wilson,* Judge.

Action by Mary Moore against the Southern Indiana Railway Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*F. M. Trissal, T. J. Brooks* and *W. F. Brooks,* for appellant.

*J. R. East, R. H. East* and *McHenry Owen,* for appellee.

COMSTOCK, C. J.—This is the second appeal. The first one resulted in the reversal of the judgment obtained by appellee. *Southern Ind. R. Co.* v. *Moore* (1902), 29 Ind. App. 52. Upon a second trial appellee had a verdict for $825, and judgment for $417, which reduction in amount is

acquiesced in by both parties. The complaint was not amended or changed. It is in two paragraphs, to each of which a demurrer for want of facts was overruled. These rulings, with the refusal to sustain its motion for a new trial, form the basis of the errors assigned.

The objection to the complaint is that it appears therefrom that the negligence relied upon is the negligence of a fellow servant. When the case was here before, one assignment of error was that the court erred in overruling the demurrer to the complaint. The point was waived by failure to include it in the statement of errors relied upon or to discuss it. We do not, therefore, need to examine the question at this time, but the averments are that the negligence was that of the appellant's superintendent, "having full charge and control of the defendant's work in and about said quarry."

1. The jury were told, through instructions numbered six and seven, that the servant did not assume risks not discoverable by the exercise of ordinary observation on his part, and that he might properly obey the order of the master to work in a certain place, unless the danger thereby incurred was so open and apparent that a prudent person would not encounter it. The criticism is that the element of actual knowledge by the servant was omitted, and that, as the instructions were given, if the danger was not apparent the servant was not chargeable with its assumption, although he did in fact know all about it.

The sixth instruction began as follows: "It is a rule of law that the servant can not recover for an injury resulting from a danger open and known to both the master and servant alike, or when the opportunity to know of the danger is equal to both master and servant." It is then stated that the rule is applicable to injuries received by reason of dangers which could only be discovered by a close inspection, etc.

The seventh contains no reference to actual knowledge.

The intention probably was to say that known dangers, and those equally open to the observation of master and servant, were assumed. The instructions are, however, deficient in the respect indicated. The element of actual knowledge was essential to a full statement of the law on the subject. We can not say from the record, beyond doubt, that appellant was not prejudiced by the omission.

2. The action was brought by the mother, on account of the death of her infant son, under §267 Burns 1901, §266 R. S. 1881 and Horner 1901. The measure of damages is correctly stated by the attorneys for appellant as follows: "The value of the child's services until he would have attained his majority, taken in connection with his prospects in life, less his support and maintenance," etc. "In an action by a parent for the death of his child, he is entitled to recover only for the pecuniary injury he has sustained, and the proper measure of damages is the value of the child's services from the time of the injury until he would have attained his majority, taken in connection with his prospects in life, less his support and maintenance. To this may be added, in proper cases, the expenses of care and attention to the child, made necessary by the injury, funeral expenses and medical services." *Pennsylvania Co.* v. *Lilly* (1881), 73 Ind. 252; *Louisville, etc., R. Co.* v. *Wright* (1893), 134 Ind. 509-512.

3. The service referred to is not limited to the amount which may be earned by the child, working for wages, but embraces the services that he may be shown to render; the value thereof being in all cases for the jury. *Cleveland, etc., R. Co.* v. *Miles* (1904), 162 Ind. 646.

4. The decedent lived with his mother (appellee) about one mile from Williams, and carried his dinner from home to the place where he worked. The witness Connor was asked the following question: "Do you know the price of board at that time about Williams—what men were charged for board at that time, as a general proposition?"

The question called for the average price of board in the neighborhood in which the decedent lived and worked. Whether board was furnished by appellee or any other person would not affect appellee's right to show its value. It cost something, and the evidence sought to be elicited, although not conclusive, would have tended to show such value.

The witness Smith was asked the following question: "I will ask you if you are acquainted with the reasonable value of board and clothing of a laboring man twenty to twenty-one years of age, working in a quarry like Rock Ledge quarry, in that neighborhood, about two years ago, in the neighborhood of Williams—what was it reasonably worth?" To which he answered, "Yes." He was then asked, "Now, then, what was the value of that kind of board and clothing in the neighborhood at that time?" Appellant offered to prove the value of board to be fifty cents a day, and clothing $40 per year. Witness' knowledge of the facts inquired of is not questioned. The answer would have tended to elicit pertinent evidence upon a material question. The court sustained an objection to each of the foregoing questions. This was error. *Pennsylvania Co. v. Lilly, supra; Louisville, etc., R. Co. v. Rush* (1891), 127 Ind. 545; *Louisville, etc., R. Co. v. Wright, supra; Jackson v. Pittsburgh, etc., R. Co.* (1895), 140 Ind. 241, 49 Am. St. 192; Black, Law & Pr. in Accident Cases, §267.

5. The court refused to submit to the jury interrogatories as follows: "How much do you find the value of the board of plaintiff's son from his death until he was twenty-one years of age, had he lived? How much do you find the value of the clothing of plaintiff's son from his death until he was twenty-one years of age, had he lived?" In the refusal of these questions there was no error, for the reason that in actions for tort it is not proper to require the jury to itemize the elements of damage. The effect of these interrogatories would have been to require the jury to itemize

the elements of damage. *Ohio, etc., R. Co.* v. *Judy* (1889), 120 Ind. 397.

6. The decedent lived with his mother, giving her the benefit of his services and attention as well as the money earned by him in working for others. He purchased and was paying for a home for her, and the pecuniary loss sustained by her was a fair question for the determination of the jury.

Appellee's right to her judgment depends upon the proposition that appellant directed decedent to work in an unsafe place, omitting the duty of reasonable inspection to make it safe. The law is perfectly well settled that if the accident was the result of peril incident to the business in which the servant was employed, or if it was caused by the negligence of a fellow servant, there can be no recovery.

Counsel for appellant discuss other questions which ultimately will largely depend for their solution upon the evidence. As the judgment must be reversed for the reasons given, it is not necessary to consider them.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.