## THOMPSON *v.* TOWN OF FORT BRANCH.

[No. 26,131. Filed November 20, 1931.]

*J. M. Vandeveer, S. L. Vandeveer* and *Arthur S. Wilson,* for appellant.

*Sanford Trippet, W. D. Robinson, W. E. Stilwell, Morton C. Embree* and *Charles O. Baltzell,* for appellee.

TREANOR, J.—The appellant, Elmer Thompson, as plaintiff below, sued the appellee, the Town of Fort Branch, Indiana, to recover damages occasioned by the death of the appellant's minor son, whose death was alleged to have been caused by the negligence of the appellee. The appellant sought to recover for lost services

of his son and for funeral expenses. The cause was submitted to a jury for trial and the jury returned a verdict assessing plaintiff's damages in the sum of one dollar. Appellant assigns as error that the trial court erred in overruling his motion for a new trial. In his motion for a new trial the appellant relies upon the following grounds:

1. The verdict of the jury is not sustained by sufficient evidence.

2. The verdict of the jury is contrary to law.

3. Error in the assessment in the amount of recovery in this, to-wit: The amount of the damages assessed by the verdict of the jury is too small.

4, 5 and 6. That the court erred both in giving and refusing to give certain instructions.

In support of his points that the verdict of the jury is not sustained by sufficient evidence and is contrary to law the appellant discusses evidence bearing on the question of the amount of damages; appellant's theory being that, since the evidence shows damages greatly in excess of the amount of the verdict, the verdict is not sustained by sufficient evidence. It is well settled in Indiana that an assignment as cause for a new trial, that the verdict or finding is not sustained by the evidence, or is contrary to law, presents no question to this Court as to the amount of damages. But appellant's third cause for a new trial does present the question of inadequacy of damages unless, as contended by appellee, §611 Burns Ann. Ind. St. 1926, Acts 1881, ch. 38, p. 240, stands in the way. It is true that §611 prohibits the granting of a new trial "on account of the smallness of the damages in actions for an injury to the person . . ."; but we do not think that the instant action is one for "injury to the person" within the meaning of §611. The pecuniary interest of a father in the services of his son was recognized and protected by the common law; and the father had a right

of action against anyone who wrongfully deprived him of the services of a minor child.

> "At common law, two actions lie for personal injuries to married women, infants, and servants. One by the husband, father, or master, for the loss of service, etc.; the other by the husband and wife, the infant, or servant, for the personal injury." *Long* v. *Morrison* (1860), 14 Ind. 595, 596, 597.

As indicated by the foregoing statement by the Supreme Court of Indiana, the common law distinguished between an action by a father for loss of services and an action for the personal injury to the son. In case death resulted from the injury, the father could recover for loss of services from the date of the commission of the injury only to the date of the death of the son; but by statute we have "added to the common-law remedy of a parent thé right to recover all the probable pecuniary loss resulting from the death of a child." (Mitchell, J., in *Louisville, New Albany and Chicago Ry. Co.* v. *Goodykoontz, Guardian* (1888), 119 Ind. 111, 112, 21 N. E. 472.) In the case of *Rogers* v. *Smith,* 17 Ind. 323, Perkins, J., speaking for this Court, points out with discriminating exactness that an action by a father for the value of lost services of a son was not "for the injury to the person, but for his personal losses in the way of service, expenses, etc." His statement is as follows:

> ". . . So, in relation to the minor children. For the loss of service, the father had his action; *for the personal injury* to the minors, severally, the action belonged *to them.* For torts, therefore, to wives and minor children, there are, as a general proposition, two actions; one by the husband and father, *not for the injury to the person,* but for his personal losses in the way of service, expenses, etc.; the other by the husband and wife *for the injury to the person of the wife;* and by the children severally, alone, *for injury to their persons."* (Our italics.)

Other jurisdictions recognize that an action by a parent for the lost services of a child is not an action for an injury to the person. The New York Court of Appeals states it thus:

"The common-law action which a master or parent has for loss of the services of a servant or minor child is based upon an injury to a property right. Compensation is allowed for loss of services to which the master or parent is entitled and for the expenses incurred by reason of such injury. . . . The weight of reason and authority is in favor of confining the damages to be recovered in an action by a third party to compensation for the pecuniary injury actually sustained." (*Tidd* v. *Skinner* [1919], 225 N. Y. 422, 433, 434, 122 N. E. 247, 3 A. L. R. 1145.)

In *McGarr* v. *National & Providence Worsted Mills* (1902), 24 R. I. 447, 53 Atl. 320, 60 L. R. A. 122, 96 Am. St. 749, the Rhode Island Supreme Court used the following language in discussing the question of damages in an action for loss of services:

"But the jury are not at liberty to consider the fact that the plaintiff has been deprived of the comfort and society of the child, nor can they consider any physical or mental suffering or pain which may have been sustained by the parent by reason of the injury to the child. *Louisville, N. A. & C. R. Co.* v. *Rush,* 127 Ind. 545, 26 N. E. 1010; *Oakland R. Co.* v. *Fielding,* 48 Pa. 320; *Cowden* v. *Wright,* 24 Wend. 429, 35 Am. Dec. 633. In short, the measure of damages in such a case is the same as that which obtains in a case brought by a master for the loss of services of his servant or apprentice. It is therefore practically a business and commercial question only, and the elements of affection and sentiment have no place therein."

All the later Indiana cases have uniformly held that mental suffering, physical pain, etc. (recognized items of damages in actions for injury to the person) can not be considered by the jury in assessing the damages in an action by a parent for loss of services; and all of

these cases have carefully limited the recovery to pecuniary loss.

The right upon which the action is predicated is the parent's right to the services of his minor child and not the right of either the parent or child that the child be free from violation of his person. Any legally wrongful conduct which deprives a parent of the services of his child gives rise to a cause of action in favor of the parent. This conduct may consist of wrongfully causing the death of, or wrongfully inflicting personal injury on the child; or, as in the case of *Tidd* v. *Skinner, supra,* it may consist of the sale of a habit-forming drug to the child. Appellee, however, insists that §611 Burns Ann. Ind. St. 1926 "has been expressly held to apply in an action by a father for damages for the death of his minor child, *Gann* v. *Worman,* 69 Ind. 458"; and that *Gann* v. *Worman* "has never been either expressly or impliedly overruled or modified by any subsequent decision"; that "on the contrary it has been cited with approval in *White* v. *Sun Publishing Co.,* 164 Ind. 426, 78 N. E. 890, and is specifically followed in *Spannuth* v. *Cleveland, C., C. & St. L. Ry. Co.,* 148 N. E. 410." The appellee is correct in his contention that *Gann* v. *Worman* held that §611 Burns Ann. Ind. St. 1926 applied to an action by a father for damages for the death of his minor child; but this holding rests upon the preliminary construction of §§274 and 292 Burns Ann. Ind. St. 1926, Acts 1881, ch. 38, p. 240, to the effect that "the father cannot maintain the action in his own right for the injury done to himself by the loss of his child but can maintain it only as the representative of his child's right." (*Gann* v. *Worman,* p. 462.) Further the opinion in *Gann* v. *Worman* expressly states that "there is no statute in this state giving the father the right of action for the lost services of his child after the child's death." But the law has been established defi-

nitely to be otherwise. (*Pittsburgh, Ft. Wayne and Chicago R. Co.* v. *Vining's Admr.* [1867], 27 Ind. 513; *Pennsylvania R. Co.* v. *Lilly* [1881], 73 Ind. 252; *Mayhew* v. *Burns* [1885], 103 Ind. 328, 2 N. E. 793; *Louisville, N. A. & C. R. Co.* v. *Goodykoontz, supra.*) It is now well settled that §274 gives a parent, in his own right, a cause of action for loss of services or other pecuniary injury occasioned by either personal injuries to or death of the child. Since the holding in *Gann* v. *Worman* which is relied upon by appellees rests upon basic assumptions which have since been repudiated by this Court it follows that such holding is no longer authority. Nor do *White* v. *Sun Publishing Co.* and *Spannuth* v. *Cleveland, C., C. & St. L. Ry. Co., supra,* strengthen *Gann* v. *Worman.* In both of these cases the injured person is suing in his own right, in *White* v. *Sun Publishing Co.*, for defamation and in *Spannuth* v. *Cleveland, C., C. & St. L. Ry. Co.* for personal injuries to himself.

In view of the foregoing considerations we hold that an action by a father to recover the value of lost services of a minor child, or for other pecuniary loss, ▮▮ is not an action for an injury to the person within the meaning of §611 Burns Ann. Ind. St. 1926; and this is true whether the loss of services is due to death or personal injury of the child. We further hold that such an action is an action for injury to property within the meaning of clause 5, §610 Burns Ann. Ind. St. 1926, Acts 1881, ch. 38, p. 240. It follows that appellant's third cause for a new trial presents the question of inadequacy of damages.

The undisputed evidence establishes that plaintiff's son was seventeen years old and in excellent health at the date of his death; that he was a high school ▮ pupil in the fourth year and had been trained specially in vocational agriculture; that he had

planned to remain on the farm with his father after graduation from high school; that he made a hand in the field; that he began to use the plow and break ground when he was nine or ten years of age; that he would rather plow with gang plow and use four horses than to use three horses; that he was kind and obedient and helpful around the house; drove and repaired tractor, etc. There was undisputed testimony that plaintiff paid over $400.00 for funeral expenses, and that this sum was reasonable. Even disregarding funeral expenses, the jury could not have found less than substantial damages for loss of services without serious error in the assessment of the amount of recovery. It is true that no question as to the amount of damages is saved by assigning as ground for a new trial that the verdict or decision is not sustained by sufficient evidence or is contrary to law; but when a question as to amount of damages is saved by proper assignment we must consider the amount of recovery in the light of the evidence. "Where a new trial is sought on the ground of excessive damages, attention is directed to the evidence, the same as it is where the legal sufficiency of the evidence is challenged under the sixth subdivision of the statutory grounds for a new trial." (*Cleveland, etc., Ry. Co.* v. *Miller* [1905], 165 Ind. 381, 74 N. E. 509.) It is equally necessary to turn to the evidence when a new trial is sought on the ground of "error in assessment of the amount of recovery, whether too large or too small," and this Court will not pass on the question of error in assessment of the amount of recovery when the evidence is not before it. (*Harness* v. *State, ex rel. Turley, Guardian* [1895], 143 Ind. 420, 424, 42 N. E. 813.) In the instant case the evidence, reasonably interpreted, conclusively shows substantial loss to the plaintiff, and if he was entitled to recover anything he was entitled to

recover a substantial sum over and above the funeral expenses. The evidence leaves room for difference of opinion as to the net value of the lost services of the deceased, but the jury could not have agreed upon a recovery of one dollar without either misinterpreting or disregarding the evidence. In *American Motor Car Co.* v. *Robbins* (1914), 181 Ind. 417, 422, 103 N. E. 641, a father was suing for pecuniary loss resulting from the death of his infant son. At the time of his death the son was almost nine years of age, sound in body, obedient and mentally bright; the evidence established that he did all the household chores "such as going to the grocery, going after milk, getting kindling and carrying in coal." The verdict was for $1,575.00, including funeral expenses of $152.50. On appeal it was insisted that the damages assessed were excessive, "and that a verdict was unwarranted except for the funeral expenses of the child and that, under the evidence any other damages were merely speculative and conjectural." After stating that the pecuniary loss occasioned by the child's death was "incapable of admeasurement by any mathematical or exact rule, and the amount must be fixed by estimate, which bears some semblance of conjecture," the Court continues as follows:

"The evidence here warranted the assessment of more than nominal damages, in addition to the amount of funeral expenses. *Ohio Valley Trust Co.* v. *Wernke* (1913), 179 Ind. 49, 99 N. E. 734; *Louisville, etc., R. Co.* v. *Rush* (1890), 127 Ind. 545, 26 N. E. 1010; *City of Elwood* v. *Addison* (1901), 26 Ind. App. 28, 35, 59 N. E. 47, and cases cited; *Valparaiso Lighting Co.* v. *Tyler* (1912), 177 Ind. 278, 96 N. E. 768. Nor can we say that the amount assessed was excessive. The youthful hands of the child had been trained in the ways of industry. He was of bright mind, and obedient. The services already rendered were of value. The mother required some one to 'do chores.' If not to be done by the child 'other help must necessarily be provided to perform them.' *Louisville, etc., R. Co.*

v. *Rush, supra,* 549. While the evidence here was of such nature, as appellants suggest, as might naturally arouse the sympathy or passions of a jury, we cannot say that it was swayed by any such consideration, for the amount allowed appears to us as nothing more than fair compensation. *Malott* v. *Shimer* (1899), 153 Ind. 35, 54 N. E. 101, 74 Am. St. 278; *Johnson* v. *Chicago, etc., R. Co.* (1885), 64 Wis. 425, 25 N. W. 223."

Although the language just quoted was used by this Court while considering whether the amount of recovery was excessive, still the Court's opinion has significance for the instant case in that it stated distinctly that the plaintiff was entitled to more than nominal damages; and that the amount recovered, $1,575.00, was "nothing more than fair compensation." We cannot escape the conviction that, if $1,575.00 was no more than fair compensation on the facts of *American Motor Car Co.* v. *Robbins,* $1.00 is clearly inadequate under the facts of the present case.

It is not necessary either that appellant show, or that this Court determine, the exact cause or nature of the error in assessment of the amount of recovery. Error in assessment is established if, as in the present case, it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff. We conclude that there was manifest error in the assessment of the amount of recovery.

The appellant objects to Instruction No. 14 given by the Court to the jury which included the following statement:

"If you find for the plaintiff, you will so state in your verdict, and assess his damages in such sum, if any, as you may find from the evidence would be the pecuniary value to the plaintiff for services of his said son, Winston, from the date of his death until he attained the age of twenty-one years, together with the cost of the funeral expenses of the

said Winston Thompson, if shown by the evidence, from which you should deduct the cost of the maintenance of the said Winton Thompson from said date of his death until he should have attained the age of twenty-one years."

It is well settled law in this State that the measure of damages for lost services of a minor child, in case of instant death, is "the value of the child's services from the time of the death until he would have attained his majority, taken in connection with his prospects in life, less the cost of his support and maintenance during that period, including such as board, clothing, schooling and medical attention." *City of Elwood* v. *Addison* (1901), 26 Ind. App. 28, 59 N. E. 47. See also *Cleveland, C., C. & St. L. Ry.* v. *Miles* (1904), 162 Ind. 646, 70 N. E. 985; *Southern I. Ry.* v. *Moore* (1904), 34 Ind. App. 154, 71 N. E. 516, 72 N. E. 479. But no rule of damages has been recognized in this State which would permit a defendant to reduce the amount of recovery for funeral expenses with an estimated excess of cost of maintenance over value of services. There are two distinct items of damages in cases of this kind; one is the value of the lost services, and the other special expenses such as funeral costs and expenditures for medical attention. In determining the net value of the lost services the cost of maintenance should be considered. This rule rests upon the fact that the parent is under a legal duty to support the infant child, and does not rest upon an extension of the rule which allows a wrongdoer to mitigate damages with benefits which his wrongful act confers upon the plaintiff. The decisions of this State have consistently refused to allow a defendant to reduce the amount of recovery on the ground that the plaintiff has received life insurance as a result of the death wrongfully caused by the defendant. There is no justification for allowing a defendant to reduce the amount of recovery for funeral

and medical expenses by showing that the probable cost of maintenance of a deceased minor would exceed the value of lost services. The rule allowing reduction of damages by reason of benefits conferred upon the plaintiff by the wrongful act has been carefully restricted to situations in which the wrongful act is in itself an advantage to the plaintiff or directly results in an actual, present material benefit. The classic examples are cases in which a trespass to realty has taken the form of an improvement to the realty, or cases in which a wrongful sale of property by a sheriff has been for the purpose of discharging, and has actually discharged, a judgment debt of the property owner. We conclude that the instruction was erroneous and that a proper instruction would limit the consideration of cost of maintenance to the determination of the value of the lost services.

Appellant points out alleged errors in the giving and refusing to give certain instructions relating to the issues of negligence and contributory negligence. Before discussing these alleged errors we should state that, although we are deciding that an action by a father to recover for the value of lost services of a minor son is not an action for injury to the person, it does not follow that this decision should disturb the rules relating to contributory negligence which have been applied in the past to actions of this class. As already stated, *supra,* p. 159, any legally wrongful conduct which deprives a parent of the services of his child gives rise to a cause of action in favor of the parent. If, as in the case of *Tidd* v. *Skinner, supra,* the wrongful conduct of the defendant amounts to a positive and willful injury the contributory negligence of the child is not a defense. But when the wrongful conduct of the defendant is predicated upon negligence he may avail himself of the defense of contributory negligence of the child. In short, when the establishing of the

wrongfulness of the conduct involves issues of negligence and contributory negligence the usual rules governing the determining of these issues should apply. For example, in the instant case the wrongful conduct consists of the allegedly negligent killing of the plaintiff's son; and in determining the ultimate fact of wrongful conduct, i. e., a negligent killing of the plaintiff's son, questions of negligence and contributory negligence should be settled by the same rules which would apply in an ordinary action brought by a plaintiff for personal injury to himself. (See §380 Burns Ann. Ind. St. 1926, Acts 1889, ch. 41, p. 58.)

On the issues of negligence and contributory negligence the jury found for the plaintiff and we must conclude that no harm was done by these instructions. But since we are sending the case back for a new trial we think the appellant is entitled to have some of these alleged erroneous instructions discussed. Instruction No. 8 contains the following:

". . . Before the plaintiff can recover in this action the negligence on the part of the defendant must be proven substantially as alleged in the complaint by a preponderance of the evidence. The plaintiff must also prove by a preponderance of the evidence that such negligence on the part of the defendant, if any, was the proximate cause of the alleged injury, if any, sustained by said plaintiff's son, *and further it must appear from all the evidence that the plaintiff's son was guilty of no negligence that approximately contributed to his injury.*" (Our italics.)

The appellant insists that the italicised portion of the foregoing instruction has the effect of shifting to the plaintiff the burden of proving freedom from contributory negligence. We agree that the statement is objectionable and is not equivalent, as appellee seems to think, to saying that if the "plaintiff's own evidence

shows that the son was guilty of contributory negli-  gence that is and was sufficient to preclude a recovery." (Appellee's brief, p. 13.) The plain meaning of the instruction is that the plaintiff will fail on the issue of contributory negligence unless the evidence as a whole, shows that the "plaintiff's son was guilty of no negligence that proximately contributed to his injury." But under the decisions of this Court the plaintiff will prevail on the issue of contributory negligence unless the evidence shows that the plaintiff's son was negligent and that his negligence proximately contributed to his own injury. The vice in the instruction of the Court can be seen readily by assuming a case in which no evidence has been introduced on the issue of contributory negligence. In such a situation the defendant would prevail on the issue of contributory negligence under the instruction given by the court; but since by statute, as interpreted by decisions of this Court, the defendant has the burden of proving contributory negligence, he should fail on the issue of contributory negligence, when no evidence has been introduced on that issue. And when evidence has been offered the plaintiff should prevail on the issue of contributory negligence unless it appears by a preponderance of the evidence that the plaintiff was negligent and that his negligence contributed to his own injury. (*Davis* v. *Mercer Lumber Co.* (1905), 164 Ind. 413, 422, 73 N. E. 899.) It is of course true, as appellee suggests, that the defendant may avail himself of any evidence supplied by the plaintiff on the issue of contributory negligence.

Appellant insists that the phraseology of some of the instructions conveyed the idea to the jury that "before the appellee could have been guilty of negligence in respect to the bridge in question, it must have been able to anticipate the precise injury sustained." We doubt seriously whether the jury could

have been misled on this point in view of all of the instructions given, but we feel it would not be amiss to call attention to the following statement of the law on this point, which has been approved by this Court:

" 'It is not necessary that one should be able to foresee the particular harm which actually befalls. It is enough if an ordinarily prudent person should be able to see danger or harm of some sort ahead. Harm in the abstract, not harm in the concrete, is the idea.' " 1 Street, Foundations of Legal Liability, 104, quoted in *Pittsburgh, etc., R. Co.* v. *Sudhoff* (1910), 173 Ind. 314, 327, 90 N. E. 367. See also *Davis* v. *Mercer Lumber Co., supra*, 422; *Broadstreet* v. *Hall* (1907), 168 Ind. 192, 197, 80 N. E. 145.

Appellant also urges that appellee's requested Instruction No. 8, given by the Court, meant that "although the decedent may have been exercising the care of an ordinarily prudent person at the time of his injury, yet notwithstanding this care, if he could have avoided the injury and did not do so he was guilty of contributory negligence." The objectionable portion of this instruction is as follows:

"If it appears from the evidence that by the exercise of ordinary care the decedent might have avoided the injury complained of, if the jury finds from the evidence that the injuries complained of were received by the decedent or, in other words, if, by the exercise of that degree of care and caution which a reasonably careful and prudent person would have exercised under the same or similar circumstances, the decedent could have avoided the injury and damage and you further find that he did not exercise that degree of care at the time in question, and by reason thereof he was injured, then the plaintiff cannot recover in this action, and your verdict should be for the defendant."

In view of Instruction No. 9, which contains a clear, accurate and comprehensive statement of the doctrine of contributory negligence, we should have found it very

difficult to conclude that the giving of Instruction No. 8 injured the appellant even if the jury had found against appellant on the issue of contributory negligence. We do think, however, that Instruction No. 8 unduly emphasized the ability of the deceased to avoid the fatal accident; and we feel that this emphasis might confuse a jury into considering the ability of the deceased to avoid the accident the measure or test of due care under the circumstances. A jury should not be encouraged to reason back from the accident to the conclusion that there was not due care, or else the accident would not have happened. The proper function of an instruction on contributory negligence is to suggest to the jury the questions (1) did the injured party exercise that degree of care and caution which a reasonably careful and prudent person would have exercised under the same or similar circumstances? and (2) if he did not exercise that degree of care and caution, did his conduct contribute proximately to the injury? From a practical standpoint we think the attention of the jury should be focused upon the question of whether the actual conduct of the injured party was that of a careful and prudent person rather than upon the question whether he could have avoided the injury by the exercise of ordinary care.

In view of the error in the assessment of the amount of recovery and the error of the Court in the giving of Instruction No. 14 we conclude that a new trial should have been granted. Judgment reversed and cause remanded with instructions to sustain appellant's motion for a new trial.