(134 So. 894)

# UNITED STATES FIDELITY & GUARANTY CO. v. BAKER.

## 2 Div. 462.

Court of Appeals of Alabama.
April 21, 1931.

Rehearing Denied May 5, 1931.

Arthur M. Pitts, of Selma, for appellant. ·

Mallory, Mallory & Lapsley and Harry W. Gamble, all of Selma, for appellee.

SAMFORD, J.

The policy or contract sued on insured plaintiff (appellee here) "against liability for loss and for expense arising or resulting from claims upon assured (appellee) for damages in consequence of an accident * * * during the term of this policy, of the automobile * * * enumerated and described herein resulting in, (A) Bodily injuries, or death at any time therefrom, suffered by any person or persons, excepting" (exceptions not necessary to mention).

It appears that Mrs. Baker, the appellee, was the owner and operator of an automobile, which, while she was driving, was turned over, resulting in bodily injuries to Mrs. N. H. Rainer, who was an occupant of the car at the time of the accident; that the party injured was the wife of W. W. Rainer; that, in consequence of said accident and by reason of the bodily injuries to his wife occasioned thereby, he was forced to pay out large sums of money for her treatment and care by doctors, nurses, hospitals, etc., for which he brought suit against Mrs. Baker for $5,000. This suit was in addition to one by Mrs. Rainer for damages which she suffered, in which suit, however, she made no claim for money spent

for doctors and similar services, as such expenses were not incurred or paid by her, but were incurred and paid by her husband; hence separate suit by him.

The original complaint also embraced a claim for loss of his wife's services, but before the trial this item was stricken out and the total amount claimed reduced to $700, the damage being confined to amounts paid out by him for doctors, nurses, hospital and similar treatment of his wife made necessary by the injuries to her resulting from said accident.

This agreement to amend complaint and reduce claim was conditioned upon an agreement that the case be tried at the term of court for which it was originally set, as fully appears from the agreed statement of facts.

It also appears from this statement that, at the time of the accident, Mrs. Baker, as the owner of the automobile in question, was insured by the appellant, United States Fidelity & Guaranty Company, "against liability for loss and or expense, arising or resulting from claims upon her for damages in consequence of an accident * * * by reason of the ownership, maintenance or use of the automobile in question, resulting in bodily injuries to any person."

It further appears that W. W. Rainer, the husband of the injured party, was forced to pay out large sums of money for the necessary treatment of bodily injuries to his wife, which injuries were caused by said accident.

It further appears that said W. W. Rainer brought suit against Mrs. Baker for such amounts so paid out by him, and upon the trial introduced evidence to the effect that the amounts aggregated $700; that it was a reasonable amount and was for services that were required and necessary in the treatment of the bodily injuries resulting to his wife from the accident to said automobile. There was evidence tending to fasten liability upon Mrs. Baker. The jury returned a verdict against her for $350.

It also appears that, after said judgment was rendered and had become final, appellee called upon appellant to pay the same, which it refused to do, disclaiming liability under its bond so to do. Thereupon appellee paid the judgment and brought this suit, which was tried by the lower court without a jury, upon the agreed statement of facts, and a judgment was rendered in Mrs. Baker's favor. Whereupon this appeal was taken by the bond company.

The facts also show that, while the bond company offered to furnish its attorney to represent Mrs. Baker in defending the suit of W. W. Rainer, it qualified its offer with the statement that it disclaimed liability for any judgment recovered by him and also disclaimed that it was liable under the policy for any loss resulting to her from the said

claims of W. W. Rainer, and notified her that it would not pay the same.

 The husband of Mrs. Rainer sued appellee and recovered damages for expenses incurred by him for the necessary treatment of bodily injuries suffered by his wife from wrongfully inflicted injuries proximately resulting from the accident in appellee's automobile. This was a legitimate element of damage, and, when proven, is properly recoverable. Alabama City G. & A. Ry. Co. v. Appleton, 171 Ala. 324, 54 So. 638, Ann. Cas. 1913A, 1181; Morrison v. Clark, 196 Ala. 670, 72 So. 305. If Mrs. Rainer sustained bodily injuries as a result of the negligence of appellee and she had paid the hospital bills and doctors' fees reasonably necessary to her treatment and recovery, she certainly could have included such charges in a suit against appellee for personal injuries, and such would have been a claim against this appellant under the policy. We can see no difference in a claim for damages arising in favor of Mrs. Rainer's husband. If appellee was liable for the damage and the damage was "in consequence of the accident," the appellee is protected by the terms of her contract, which are construed liberally in favor of insured. Georgia Home Ins. Co. v. Allen, 119 Ala. 436, 24 So. 399. Authorities cited by appellant in his brief from New York Court of Appeals are not in point, and, if the case of Williams v. Nelson, 228 Mass. 191, 117 N. E. 189, Ann. Cas. 1918D, 538, appears to be in conflict, the answer is that that decision is based upon a statute not here involved, in which recovery is limited to bodily injury, whereas in the instant case the recoverable damages are in consequence of an accident.

As we understand appellant's brief, it is contended that, as Mrs. Rainer sued and obtained judgment against appellee, the insured, for bodily injuries sustained as a proximate result of the accident for which appellee was liable, and this judgment was paid by appellant, any other and further damage growing out of the injury to Mrs. Rainer cannot be recovered. According to the agreed statement of facts, Mrs. Rainer did not include in her suit claim for necessary hospital and medical services, for the very good reason that they were not paid by her and for them she could not recover. The injury and damage was there nevertheless, and appellee was liable to the husband whose duty it was to pay these charges. Appellee, by suit, was compelled to pay, and it was thereby ascertained by a court, that such damage was in consequence of the accident covered by the policy issued by appellant to indemnify appellee against just such a loss.

 It is further claimed by appellant that appellee should not be allowed to recover because attorneys employed by appellant to defend the suit of W. W. Rainer, plaintiff, v. appellee, were not permitted to manage the defense of the case. Under the terms of the policy contract, appellant was obligated to defend the action and in carrying out that obligation and in accordance with the terms of the policy, was entitled to direct the defense. Upon a refusal of appellee to be guided by the direction of counsel furnished by appellant, appellant's counsel very properly withdrew from the case, but this did not affect appellant's liability for such damages as to which there was a legal liability.

We find that the rulings of the trial court are in entire accord with the foregoing, and the judgment is affirmed.

Affirmed.