AUTOMOBILE UNDERWRITERS, INC. *v.* CAMP ET AL.

[No. 16,417. Filed March 4, 1941. Rehearing denied April 15, 1941. Transfer denied October 6, 1941.]

*Padgett & Rogers,* of Washington, and *Fenton, Steers, Beasley & Klee,* of Indianapolis, for appellant.

*Allen, Hastings & Allen,* of Washington, and *McDonald & McDonald,* of Princeton, for appellees.

STEVENSON, P. J.—This action was brought by the appellee Lucian Camp against the appellant and the appellee William Summers to compel the payment of a judgment which the appellee Lucian Camp had obtained against the appellee William Summers. This judgment was a judgment in damages for a loss of services and expenses which arose out of injuries received by Jeanette Camp, a minor child of Lucian Camp, which injuries were received by the said Jeanette Camp while she was riding as an occupant in the automobile of William Summers. At the time of this injury, William Summers was a policyholder in the appellant company. The complaint alleged that at the time the appellee's daughter was injured and at the time said judgment was rendered on account of said injuries sustained, the policy of insurance was in full force and effect; and a copy of this policy was set out as an exhibit to said complaint. The complaint further alleged that the appellant company had under its control a large sum of money, all of which was subject to application to payment of the appellee's judgment, and concluded with a prayer that the appellant be required to surrender such monies as was necessary to pay and discharge said indebtedness.

To this complaint, a demurrer was addressed by the appellant for want of facts sufficient to constitute a cause of action. This demurrer was overruled, and the case was submitted to the court for trial. The court found for the appellee Lucian Camp and against the appellant, and rendered judgment against the appellant in favor of the appellee, and ordered that the sum

of $2,170.00 be applied to the satisfaction of the appellee's judgment against the said William Summers. The appellant filed a motion for new trial, which was overruled, and this appeal has been perfected. The errors assigned on this appeal are, first, that the court erred in overruling the appellant's demurrer to the complaint of appellee Lucian Camp; and second, that the court erred in overruling appellant's motion for new trial.

The only question which the appellant seeks to raise in this appeal is covered by the stipulation of the parties which reads as follows: "It is further stipulated and agreed by and between said parties that the only matter in controversy herein is the question as to whether or not the insurance coverage and protection of loss by reason of liability imposed by law upon the said defendant, William Summers, for injuries to any person directly caused by the use or operation of the automobile described in the policy of insurance so executed and delivered to him as aforesaid, extends to and provides and affords him such insurance coverage and protection against the claim of the father of an infant daughter for loss of services of and expense of necessary medical services and nursing to an infant on account of injuries sustained by her while an occupant of the car of said defendant, William Summers."

In support of the appellant's contention, our attention is directed to the, "Occupancy Coverage" clause of the policy, which reads as follows: "This contract does not cover . . . any claims for injuries to the occupants of the insured automobile unless provided for by special endorsement attached hereto." A further provision of the policy obligates the company, "to pay any loss by reason of liability imposed by law upon the Subscriber . . . for damages on account of bodily injury including death resulting therefrom, accidentally inflicted or

alleged to have been inflicted upon any person or persons as a result of accidents occurring in the Continental limits of the United States."

The question therefore presented is whether or not the accidental injury to the appellee's minor child while riding as an occupant of the insured automobile as a result of which injury the appellee was damaged by reason of loss of services of said minor child is covered by the terms of the policy above quoted. In other words, is this a "claim for injuries to the occupants of the insured automobile" or is it a claim, "by reason of liability imposed by law upon the Subscriber for damages on account of bodily injury . . . accidentally inflicted or alleged to have been inflicted upon any person or persons as a result of accidents?"

Many of the questions which the appellant discusses in his brief have been decided by the Supreme Court since the appellant's brief was filed. These questions involve the proper interpretation to be given to the occupancy coverage clause of the policy involved in this case and were presented to the Supreme Court of our state in an action brought by Jeanette Camp, appellee's minor daughter, against the appellant company to recover on a judgment in her favor because of personal injuries sustained by her while riding as an occupant in the car of William Summers. The Supreme Court, in this case, held that the occupancy coverage clause which excluded "claims for injuries to occupants of the insured automobile" was a part of the policy, clear and unambiguous, and sufficient to preclude the claim of Jeanette Camp for her personal injuries sustained while riding as an occupant of the car. *Automobile Underwriters* v. *Camp* (1940), 217 Ind. 328, 27 N. E. (2d) 370, 28 N. E. (2d) 68.

The appellant, in the light of this decision, contends that since Jeanette Camp has no claim which was covered by the policy of insurance issued by the appellant company, it necessarily follows that the claim of the appellee, the father of Jeanette Camp, for the loss of services which he sustained by reason of the injury to his minor daughter, is also outside the protection afforded by the appellant's policy of insurance. The appellant contends that the appellee's claim is a claim based upon injuries to the occupants of the insured automobile and is expressly excluded by the occupancy coverage clause. In support of this contention, the appellant insists that the phrase, "injuries to the occupants," includes the father's action for loss of services of the minor daughter. We cannot agree with this contention.

Our Supreme Court has held that, "An action by a father to recover the value of lost services of a minor child, or for other pecuniary loss, is not an action for an injury to the person. . . . We further hold that such an action is an action for injury to property. . . ." *Thompson* v. *Town of Fort Branch* (1931), 204 Ind. 152, 160, 178 N. E. 440. This same authority holds that the wrongful act by which the minor child is injured gives rise to two causes of action, one in favor of the injured child for personal injuries inflicted upon the child and the other in favor of the parent for the loss of services; the one being an action for personal injuries and the other an action for property damage. While the occupancy coverage clause, by its express language, excludes a "claim for injuries to the occupants of the insured automobile," it does not exclude claims "based upon" injuries to the occupants of such automobile or claims of third parties "arising out of" injuries to such occupants. To hold such, would

be to broaden the scope of the language employed in the policy of the insurance and to relieve the insurance carrier from obligations not expressly excluded by the terms of the policy. A strict interpretation of the terms of the policy is required as against the insurer; and that interpretation must be followed, in doubtful cases, which is most favorable to the insured. *Pacific, etc., Ins. Co.* v. *Alsop Exr.* (1922), 191 Ind. 638, 134 N. E. 290; *Masonic Acc. Ins. Co.* v. *Jackson* (1929), 200 Ind. 472, 164 N. E. 628; *Hessler, Admr.* v. *Federal Casualty Co.* (1921), 190 Ind. 68, 129 N. E. 325.

While this precise question has not been presented to the courts of last resort of this state, similar questions have been before the courts in other jurisdictions. In the case of *American Motorists Ins. Co.* v. *Kopka* (1936), 88 N. H. 182, 186 A. 335, an action was brought to determine the extent of the appellant's liability on a policy of insurance by which the appellant company agreed, "to pay on behalf of the assured all sums which the assured shall become obligated to pay by reason of the liability imposed upon him by law for damages . . . on account of bodily injuries or death . . . accidentally suffered . . . by any person or persons due to any accident as a result of the ownership, maintenance or use . . . of the automobile described herein." The question presented was whether the term "bodily injuries" included a claim by the father for medical and hospital expenses which he incurred as a result of injuries to his minor son. In holding that such policy covered such claim, the Supreme Court of New Hampshire said, p. 183 (p. 336 in 186 A.) :

> "If John Kopka, Jr. had been of age and had himself incurred the expenses which constitute the basis of his father's suit, his right to claim reimbursement therefor in his suit against the defendant Moulton would have been unquestioned. The

expense of hospital and medical treatment would have been regarded as a necessary incident of his bodily injuries. The fact that payment for such treatment was made or assumed by his father did not change its character as a necessary concomitant of the bodily injuries suffered by the son. It therefore seems plain to us that by the verdict of the jury, the defendant Moulton became 'obligated to pay' the amount of that verdict 'by reason of the liability imposed upon him by law for damages . . . on account of bodily injuries . . . accidentally suffered' by John Kopka, Jr., 'as a result of the use . . . of the automobile described' in the policy."

In the case of *Cormier* v. *Hudson* (1933), 284 Mass. 231, 236, 187 N. E. 625, judgments were recovered for medical expenses and loss of services resulting to the plaintiffs as parents of minor children injured by the negligence of the defendant. The issue to be decided was whether these judgments could be enforced against the insurance carrier. The language of the policy provision questioned provided insurance against " 'liability . . . for damages on account of bodily injuries . . . suffered by any person.' " In passing upon this question the court said, "We are of opinion that the words of the extraterritorial insurance clause of the present policy embrace the consequential damages here involved."

A similar question was before the District Court of Appeals in California in the case of *Antichi* v. *New York Indemnity Co.* (1932), 126 Cal. App. 284, 289, 14 P. (2d) 598. In passing upon this question, the court said, page 601 of 14 P. (2d):

"This policy provides indemnity to the assured to the extent of $10,000 against legal liability for bodily injuries. This judgment of W. J. McIntyre was for hospital bills, medical attention and loss of services incurred by him by reason of the bodily injuries sustained by his wife in the said accident.

Had the policy provided only for damages arising from bodily injuries, the authorities cited by appellant would be controlling, but it goes much farther than that and indemnifies the assured against all legal liability arising from bodily injuries. There can be no question but that the judgment of W. J. McIntyre was a legal liability against the assured growing out of the bodily injury suffered by the wife. Such being the case, the said judgment for consequential damages was covered by the policy."

In the case of *U. S. Fidelity & Guaranty Co.* v. *Baker* (1931), 24 Ala. App. 274, 275, 134 So. 894, 895, a policy of insurance afforded protection " 'against liability for loss and or expense arising or resulting from claims upon her for damages in consequence of an accident ... by reason of the ownership, maintenance or use of the automobile in question, resulting in bodily injuries to any person.' " In this case, the husband of Mrs. Rainer sued and recovered damages for the injuries suffered by his wife, resulting from an accident occasioned by the insured's automobile. In holding that such claim was within the provisions of the policy of insurance, the Court of Appeals of Alabama said, page 895 of 134 So.:

"If Mrs. Rainer sustained bodily injuries as a result of the negligence of appellee and she had paid the hospital bills and doctors' fees reasonably necessary to her treatment and recovery, she certainly could have included such charges in a suit against appellee for personal injuries, and such would have been a claim against this appellant under the policy. We can see no difference in a claim for damages arising in favor of Mrs. Rainer's husband. If appellee was liable for the damage and the damage was 'in consequence of the accident,' the appellee is protected by the terms of her contract, which are construed liberally in favor of insured."

A similar question was before the Supreme Court of New Hampshire in 1939. In this case the court said,

"While the deprivation of those marital rights comprehensively termed *consortium* . . . is not a bodily injury to the husband in the sense in which those words are used in the policy, yet if the husband suffers such deprivation as a result of the bodily injuries sustained by his wife, his loss is within the stipulated coverage." *Lumbermen's Mut. Cas. Co.* v. *Yeroyan* (1939), 90 N. H. 145, 146, 5 A. (2d) 726, 727. See also *Employers Ins. Co.* v. *Brock* (1937), Ala., 172 So. 671; *Floyd* v. *Consolidated Indemnity & Ins. Co.* (1932), 261 N. Y. S. 61.

It is apparent, from a reading of these authorities, that the policy in suit by which the appellant agreed,

"to pay any loss by reason of liability imposed by law upon the subscriber . . . for damages on account of bodily injury including death resulting therefrom accidentally inflicted or alleged to have been inflicted upon any person," is broad enough in its terms to include a claim for damages which a father sustains on account of bodily injuries inflicted upon his minor daughter. It seems clear to us that if Jeanette Camp had been injured by Summers' automobile as a result of its negligent operation by the insured while crossing the street as a pedestrian, both her damages for personal injuries and those of her father for loss of services would have been covered by the terms of the policy in suit. In such case the father's action would have been an action for damages for loss of services and medical attention "on account of bodily injuries" which the daughter sustained. Since the minor daughter was a passenger in the insured's automobile, the policy affords no protection to the insured because it expressly excludes claims for "injuries to the occupants of the insured automobile." By reason of this clause, the appellant owed nothing to Jeanette Camp. Her father's cause of action, however, continues

to be protected by the provisions of Section A of the policy indorsement above quoted. The trial court was not in error in ordering the payment of the appellee's judgment.

For these reasons, the trial court did not err in overruling the appellant's motion for new trial. Finding no reversible error, the judgment of the trial court is affirmed.

NOTE.—Reported in 32 N. E. (2d) 112.