JOE LaTRAY, Plaintiff and Respondent, v. MANNIX ELECTRIC CO., a Montana Corporation and EUGENE EDDY BAKER, Defendants and Appellants.

No. 11046.
Submitted October 5, 1966. Decided November 3, 1966.
419 P.2d 744.

Floyd O. Small (argued), Robert Cummins, Carl Hatch (argued), Helena, for appellants.

Robert L. Johnson (argued), Lewistown, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from an order vacating the jury verdict in favor of the defendants and granting a new trial.

The plaintiff-respondent is the adoptive father and the natural grandfather of Judith Grace Putro and Kenneth Putro, who were injured in an automobile-truck collision. The plaintiff-respondent will be referred to as the plaintiff. The defendants-appellants are the driver of the truck involved in the collision and his employer, and they will be referred to as the defendants.

The plaintiff brought this action under section 93-2809, R.C.M.1947, which provides in part: "A father * * * may maintain an action for the injury * * * of a minor child * * * when such injury * * * is caused by the wrongful act or neglect of another. Such action may be maintained against the person causing the injury * * * or if such person be employed by another person who is responsible for his conduct, also against such other person."

Before we move to a discussion of the legal issues involved we should note that the testimony of the plaintiff fails to indicate any real economic loss suffered to the grandparents by reason of the injuries received by Judith and Kenneth, nor is there any showing the value of services which they were disabled from performing for their grandparents. Both Judith and Kenneth instituted suits in their own right against appellants for damages for their injuries and therein sought recovery of medical expenses they incurred. Before the accident Kenneth was working away from home, earning $300 per month which he used to support himself; after the accident he went to school and was married in 1964. Judith also married in 1964.

The first issue presented by this appeal is whether an action brought by a parent under section 93-2809, supra, is an

action for an injury to a pecuniary interest of the parent, and therefore, an action for an injury to a property right.

The briefs for plaintiff and defendants point out that the nature of the action created by section 93-2809, has not been established by this court. Eeach brief has thoroughly set forth the authorities in support of its position. We approve and adopt the position taken by the Indiana Supreme Court.

Indiana has a statute which is quite similar to our section 93-2809, R.C.M.1947. It is section 2-217, Burns' Anno.Stat.1946 Replacement, which provides in part: "A father * * * may maintain an action for the injury * * * of a child * * *." In Thompson v. Town of Ft. Branch, 204 Ind. 152, 178 N.E. 440, 443, 82 A.L.R. 1413, the Indiana Supreme Court commented as follows:

"It is now well settled that section 274 [presently section 2-217] gives a parent, in his own right, a cause of action for loss of services or other pecuniary injury occasioned by either personal injuries to or death of the child. * * * [W]e hold that an action by a father to recover the value of lost services of a minor child, or for other pecuniary loss, is not an action for an injury to the person * * *. We further hold that such an action is an action for injury to property * * *."

Later, in Automobile Underwriters Inc. v. Camp, 109 Ind. App. 389, 32 N.E.2d 112, 114, the Indiana Appellate Court referred to the Thompson case, supra, and commented thusly: "This same authority holds that the wrongful act by which the minor child is injured gives rise to two causes of action, one in favor of the injured child for personal injuries inflicted upon the child and the other in favor of the parent for the loss of services, the one being an action for personal injuries and the other an action for property damage."

And again in Rader v. Collins, 130 Ind.App. 227, 161 N.E.2d 381, 383, the Indiana Appellate Court interpreted section 2-217 and stated: "This statute gives rise to a new and independent action for damages for the destruction of a property right * * *."

Since we agree with the Indiana Appellate Court's interpretation we hold that his action is an action for an injury to a pecuniary interest of the parent, therefore one for an injury to a property right.

This leads us to the second issue that must be decided in this appeal. That is, whether this action for an injury to a property right must be commenced within two years from the date the claim arose.

Section 93-2607, subd. 2, R.C.M.1947, provides that an action for injury to real or personal property must be commenced within two years, thus answering the second issue in the affirmative.

We look to the facts of this case to determine if the action was filed within the statute of limitations.

The automobile-truck collision which resulted in the injury to the plaintiff's children took place on December 19, 1961. On December 18, 1964, three years lacking one day after the accident, plaintiff filed this action. By amended answer of February 25, 1965, and at the trial, before any witnesses had been called, the defendants asserted the defense that the action was barred by the statute of limitations, citing section 93-2607, subds. 1 and 2. This defense was not accepted by the district court. However, it is clear from our holding concerning the nature of this action that it was barred by the statute of limitations.

The order appealed from is reversed and the cause remanded to the district court with instructions to dismiss the case.

MR. JUSTICES CASTLES, JOHN CONWAY HARRISON, DOYLE and ADAIR, concur.