DUANE F. SMITH AND DUANE F. SMITH AND RALPHA SMITH, AS REPRESENTATIVES AND SUCCESSORS IN INTEREST OF SCOTT SMITH, A DECEASED MINOR CHILD, PLAINTIFFS AND APPELLANTS, v. DR. R. M. WIPRUD, DEFENDANT AND RESPONDENT.

No. 11726.
Submitted December 9, 1969.
Decided December 29, 1969.
As Modified on Denial of Rehearing
January 13, 1970.
463 P.2d 317.

Graybill, Graybill & Ostrem, Donald L. Ostrem, argued, Great Falls, for plaintiffs and appellants.

Anderson, Symmes, Forbes, Peete & Brown, Weymouth D. Symmes, Billings, argued, for defendant and respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

Appeal from an order dismissing count two of a complaint as being barred by the statute of limitations. Plaintiffs brought the action to recover damages for the alleged wrongful death of Scott Smith, a minor. Count one of the complaint alleged an action under the survival statute, section 93-2824, R.C.M.1947. Count one alleged in substance: that defendant is a licensed physician; that the deceased minor child was injured when thrown from a horse on May 29, 1966, and thereafter placed under the care of defendant; that there was negligence in treatment and demanded damages in the sum of $11,500 on behalf of the child and the child's estate.

Count two, the dismissal of which is the subject of this appeal, is an action brought by the parents on their own behalf for the pecuniary damages suffered by the parents as a proximate result of the death of the child.

The complaint shows on its face that almost three years had run since the child's death at the time the action was commenced. The issue is whether the two year statute, section 93-2607, R.C.M.1947, or whether section 93-2605, R.C.M.1947, a three year statute applies.

Section 93-2809, R.C.M.1947, provides: "A father, or in case of his death or desertion of his family, the mother may maintain an action for the injury or death of a minor child, and a guardian for injury or death of his ward, when such injury or death is caused by the wrongful act or neglect of another. Such action may be maintained against the person causing the injury or death, or if such person be employed by another person who is responsible for his conduct, also against such other person."

In this section a parent's right of action is granted when a child is either injured or killed.

Section 93-2824, R.C.M.1947, provides for the survivorship action as set up in count one.

Section 93-2605, R.C.M.1947, provides:

"Within three years:  *  *  *

"2. An action to recover damages for the death of one caused by the wrongful act or neglect of another."

Section 93-2607, R.C.M.1947 provides:

"Within two years: * * *

"2. An action for injury to or for waste or trespass on real or personal property; * * *."

The appellants' position is that count two, the wrongful death action by the parents, is covered by the three year limitation of section 93-2605, R.C.M.1947. Appellants urge this because of the similarity of language of sections 93-2809 and 93-2605 (2) in that both sections refer to death caused by the wrongful act or neglect of another. Appellants assert that count two was pleaded as a wrongful death case and therefore is covered by section 93-2605, R.C.M.1947, the three year limitation section.

On the other hand, respondent argues count two is a survivor action by a parent, that its nature and character is a property right as distinguished from a personal right, and the measure of damages is measured by the parents' rights; and thus, section 93-2607, R.C.M.1947, the two year limitation, applies.

In La Tray v. Mannix Electric Co., 148 Mont. 303, 419 P.2d 744, this Court held that an action by a parent for injury to a child under section 93-2809 was an action to recover damages for injury to property. We further held that, being an injury to a property right, the statute of limitations applicable was the two year statute under section 93-2607(2), R.C.M.1947.

The only difference between this case and the LaTray v. Mannix case is that here the child died. It would seem incongrous to hold in one case where a child was injured but survived, a two year limitation applied; but where the child died, a three year limitation applied. The parents' rights in a survivorship action to their own damages are the same in either situation, and we hold that the La Tray v. Mannix holding applies.

Accordingly the order and judgment is affirmed.

MR. JUSTICES JOHN C. HARRISON and HASWELL, and the HONORABLE LeROY L. McKINNON, District Judge, sitting in place of MR. JUSTICE BONNER, concur.