BRUCE E. BRYANT, Administrator of the Estate of Sylvia E. Bryant, Deceased, Plaintiff and Appellant, *v.* EARL L. HALL, M.D., H. W. FULLER, M.D., ROBERT E. ASMUSSEN, M.D., et al., Defendants and Respondents.

No. 11893.
Submitted January 12, 1971.
Decided March 9, 1971.
482 P.2d 147.

Dzivi, Conklin & Johnson, William P. Conklin (argued) Great Falls, for plaintiff and appellant.

Jardine, Stephenson, Blewett & Weaver, John D. Stephenson, Jr. (argued), Smith, Emmons & Maillie, William L. Baillie (argued), Great Falls, for defendants and respondents.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

In an action for the alleged wrongful death of an adult, the District Court of Cascade County entered summary judgment in

favor of three defendants on the basis that the action was barred by the two year statute of limitations governing property damage claims. Plaintiff appeals.

There is but one issue upon appeal: Does the two year statute of limitations governing property damage claims, section 93-2607 (2), R.C.M.1947, or the three year statute of limitations on wrongful death actions, section 93-2605(2), R.C.M.1947, apply to an action for the wrongful death of an adult? We hold the latter to be the applicable statute, expressly overruling the rationale of Smith v. Wiprud, 154 Mont. 325, 463 P.2d 317, where a contrary result was reached in a wrongful death action involving a minor child.

The present action was commenced on March 27, 1968 when Bruce E. Bryant, administrator of the estate of Sylvia E. Bryant, filed his complaint in the District Court of Cascade County against three defendants: Earl L. Hall, M.D.; H. W. Fuller, M.D.; and the Great Falls Clinic, a copartnership. The complaint contained two counts, each based on alleged negligence consisting of medical malpractice in the treatment of decedent resulting in her death on March 20, 1967. Count I was a claim for the damages that decedent herself sustained during her lifetime from personal injuries allegedly resulting from defendants' negligence which, upon her death, survived in favor of her estate under Montana's general survival statute, section 93-2824, R.C.M.1947. Count II was a claim on behalf of decedent's husband and minor children for the damages they sustained by reason of decedent's death, under Montana's wrongful death statute, section 93-2810, R.C.M.1947. This appeal concerns only Count II.

On December 15, 1969 an amended complaint was filed naming three additional defendants: Robert E. Asmussen, M.D.; Richard E. Lauritzen, M.D.; and the Montana Deaconess Hospital, a corporation. These three defendants separately raised the bar of the two year statute of limitations, section 93-2607(2), R.C.M. 1947; defendant Montana Deaconess Hospital by motion to dismiss which was granted by the District Court; defendants As-

mussen and Lauritzen by motion for summary judgment which was likewise granted. Thereafter on April 15, 1970, the District Court entered its order and final judgment on Count II of the complaint in favor of these three defendants under Rule 54(b), M.R.Civ.P. Plaintiff appeals from this order and final judgment, seeking reinstatement of Count II on the basis that the three year statute of limitations applicable to wrongful death sections, section 93-2605(2), R.C.M.1947, governs this case.

Defendants' argument supporting applicability of the two year statute of limitations on property damage claims can be summarized in this fashion: A wrongful death action is an action to enforce an independent, and not a derivative, right of parents or heirs for damages suffered by them as a result of another's death; damages for death of either a minor or adult in Montana are for pecuniary loss suffered by the survivors, a property right; therefore the two year statute of limitations on actions for damage to personal property governs an action for the wrongful death of an adult; and the three year statute of limitations on wrongful death actions applies only to survival actions under Montana's general survival statute, section 93-2824, R.C.M.1947.

Plaintiff, on the other hand, contends that if the three year statute of limitations governing wrongful death actions does not apply here to the wrongful death of an adult, it is inapplicable to anything and rendered meaningless. Plaintiff points out that under previous decisions of this Court the three year statute of limitations can not apply to (1) survivorship actions which require an existing accrued claim by a living person prior to death for damages sustained by him during his lifetime, or (2) actions for wrongful death of a minor. Accordingly, plaintiff argues, there remains only one action to which it can apply—an action for the wrongful death of an adult, as in the instant case.

The two year statute of limitations applicable to property damage claims is section 93-2607(2), R.C.M.1947, providing in pertinent part:

"Within two years:

"*    *    *

"2. An action for injury to or for waste or trespass on real or personal property * * *."

The three year statute of limitations governing wrongful death actions is section 93-2605(2), R.C.M.1947, providing in pertinent part:

"Within three years:

"*    *    *

"2. An action to recover damages for the death of one caused by the wrongful act or neglect of another * * *."

This Court has previously held that an action by an adoptive parent for injury to his minor children is governed by the two year statute of limitations covering property damage claims contained in section 93-2607(2), R.C.M.1947, La Tray v. Mannix Electric, 148 Mont. 303, 419 P.2d 744. In *La Tray* plaintiff brought the action under section 93-2809, R.C.M.1947, providing in pertinent part:

"A father * * * may maintain an action for the injury * * * of a minor child * * * when such injury * * * is caused by the wrongful act or neglect of another * * *."

We held that such action is an action for an injury to a pecuniary interest of the parent, therefore one for an injury to a property right, and accordingly governed by the two year statute of limitations applicable to an action for injury to personal property. In reaching this result we adopted the Indiana view as expressed in a series of cases quoted in *La Tray* which can be summarized in this quotation from Automobile Underwriters v. Camp, 109 Ind.App. 389, 32 N.E.2d 112:

"This same authority holds that the wrongful act by which the minor child is injured gives rise to two causes of action, one in favor of the injured child for personal injuries inflicted upon the child and the other in favor of the parent for the loss of services, the one being an action for personal injuries and the other an action for property damage."

Three years later we held that an action by the parents for the wrongful death of a minor child was likewise governed by the two year statute of limitations on property damage claims in section 93-2607(2), R.C.M.1947, Smith v. Wiprud, 154 Mont. 325, 463 P.2d 317. In *Smith* plaintiff brought the action under the same statute as *La Tray*, section 93-2809, R.C.M.1947, quoted above. Our rationale in Smith can be summarized in this quotation:

"The only difference between this case and the La Tray v. Mannix case is that here the child died. It would seem incongruous to hold in one case where a child was injured but survived, a two year limitation applied; but where the child died, a three year limitation applied. The parents' rights in a survivorship action to their own damages are the same in either situation, and we hold that the La Tray v. Mannix holding applies."

Directing our attention to the instant case, the only pertinent difference from *Smith* is that the parties are reversed. Here we have an action by the surviving husband and minor children for the damages they sustained by reason of the alleged wrongful death of their adult wife and mother. Plaintiff filed this action under section 93-2810, R.C.M.1947, providing in pertinent part:

"When the death of one person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death * * *."

Thus, section 93-2810, R.C.M.1947, granting the right of action in the instant case for the wrongful death of an adult, and section 93-2809 granting the right of action in *Smith* for the wrongful death of a minor differ only in respect to the persons who may bring the action. Other than this, the two statutes are alike, each providing an independent statutory right of action in designated kin for the damages they themselves sustain by reason of the wrongful death of their relative.

These two statutes are the only statutes granting a right of action for wrongful death in Montana. A survival action under section 93-2824, R.C.M.1947, grants no independent right of

action for wrongful death to anyone, but simply preserves after death whatever claim for injuries decedent had while living. A survival action is purely a derivative right through decedent for his damages, and in no sense creates an independent right of action in designated survivors for damages they sustain by reason of the wrongful death. Dillon v. Great Northern Ry. Co., 38 Mont. 485, 100 P. 960, contains an excellent historical analysis of common law death actions and subsequent statutory distinctions between survival actions and wrongful death actions. Thus there is nothing to which the three year statute of limitations in section 93-2605(2), R.C.M.1947, can apply except to wrongful death actions created by sections 93-2809 and 93-2810, R.C.M.1947. We find this conclusion inescapable.

For yet another reason we find the three year statute of limitations in section 93-2605(2) applicable to wrongful death actions created by sections 93-2809 and 93-2810. This three year limitation applies by its express language to a specific action—a wrongful death action. The two year statute of limitations in section 93-2607(2) applies to a broad and general class of actions —actions involving injury, waste, or trespass to real or personal property. Where one statute deals with a subject in general and comprehensive terms and another deals with a part of the same subject in a more minute and definite way, the special statute will prevail over the general statute to the extent of any necessary repugnancy between them. Teamsters, Chauffeurs, etc. v. Montana Liquor Control Board, 155 Mont. 300, 471 P.2d 541, 27 St.Rep. 424; Monarch Lumber Co. v. Haggard, 139 Mont. 105, 360 P.2d 794; In re Kesl's Estate, 117 Mont. 377, 161 P.2d 641; In re Stevenson, 87 Mont. 486, 289 P. 566; Franzke v. Fergus County, 76 Mont. 150, 245 P. 962. Accordingly, the specific statute of limitations governing wrongful death actions controls over the general statute of limitations applicable to a wide variety of actions seeking damages for violation of real and personal property rights.

Thus, although it may appear incongruous that the two year statute of limitations applies to a parent's action for his damages

by reason of injury to his surviving minor child in *La Tray,* while the three year statute of limitations applies if the child dies as in *Smith,* such incongruity is the result of legislative enactment which only the legislature can change. In *La Tray* the three year statute of limitations for wrongful death actions is clearly inapplicable because no death was involved, while in *Smith* and the instant case a conflict exists between two competing statutes, sections 93-2607(2) and 93-2605(2), R.C.M.1947.

For the foregoing reasons, the order and final judgment of the District Court dated April 15, 1970 is reversed, and the cause is remanded with directions to reinstate Count II of plaintiff's complaint.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN C. HARRISON, DALY, and CASTLES, concur.