Chad E. BUFFALO and Nancy L. Winkle, Appellants-Plaintiffs,

v.

John W. BUFFALO, Appellee-Defendant.

No. 4-782A198.

Court of Appeals of Indiana, Fourth District.

Nov. 10, 1982.

P. Gregory Cross, Cross, Marshall, Schuck, Deweese & Cross, Muncie, for appellants-plaintiffs.

Wayne J. Lennington, Lennington, Lennington & Brassart, Muncie, for appellee-defendant.

CONOVER, Judge.

Plaintiff-appellants Chad E. Buffalo (Chad) and Nancy L. Winkle (mother) appeal the Delaware Superior Court's sustaining of a motion dismissing their complaint for damages as to defendant-appellee John W. Buffalo (father).

We reverse.

ISSUES

This appeal presents three issues:

1. Whether parental immunity from suits by unemancipated minor children should be abrogated.

2. Whether a suit for negligent injury may be maintained by an unemancipated minor child against a non-custodial parent where the marriage of the child's parents has been dissolved.

3. Whether the custodial parent can maintain an action to recover expenses for the care of the injured child and damages for loss of his services against the non-custodial parent.

FACTS

Chad is an unemancipated minor child. The marriage of father and mother was dissolved three years before Chad's injury. The court gave mother custody of Chad with rights of reasonable visitation to father, he to pay support and reasonable medical expenses for Chad.

While he was with his father under these visitation rights, Chad was attacked and bitten by father's dog. He suffered severe and permanent injuries.

Chad sued his father for personal injuries and his mother sued father for Chad's medical expenses and loss of services.

DISCUSSION AND DECISION

I.

Chad first argues the doctrine of parent-child immunity is obsolete and should be abrogated in its entirety. We need not decide this issue, however, because we reverse on other grounds.

II.

■ Chad next argues the doctrine of parent-child immunity does not preclude a suit for negligent injury by an unemancipated minor child against a non-custodial parent where the marriage of the child's parents was dissolved prior to the child's injury. We agree.

The reason for the rule that a parent is immune from suit for injuries to an unemancipated minor child has been stated as follows:

> From our knowledge of the social life of today, and the tendencies of the unrestrained youth of this generation, there appears to be much reason for the continuance of parental control during the child's minority, and that such control should not be embarrassed by conferring upon the child a right to civil redress against the parent, under the circumstances stated in the question we are now considering. In our opinion, much reason exists for maintaining the sound public policy, which, as stated, underlies the rule which denies such redress.

*Smith v. Smith,* (1924) 81 Ind.App. 566, 569–70, 142 N.E. 128, 129; *Vaughan v. Vaughan,* (1974) 161 Ind.App. 497, 500, 316 N.E.2d 455, 457. In both *Smith* and *Vaughan* the unemancipated minor child's injuries were allegedly inflicted due to the negligence of their custodial parents while the marriage was intact. Our case is quite different. Here, the complaint alleges the child's injuries were inflicted due to the negligence of his non-custodial father after the marriage had been dissolved.

This is a question of first impression in this state.

■ Our public policy declares that parents must be free to discipline and control their children without fear of suit. Thus, parents, while the marriage relationship is intact, are immune from suit by their unemancipated minor children. Such immunity is in the interests of both the unemancipated minor and society as a whole. To permit such suits would disturb the domestic peace and tranquility of the family. *Smith* and *Vaughan, supra.*

In this case, however, the marriage of Chad's parents had been dissolved for some time. Mother was granted custody of Chad, a new family unit consisting of mother and Chad had been formed. Mother is now responsible for Chad's control and upbringing. The reasons underlying the parental immunity rule apply to her but cannot reasonably be said to apply to father. He is a non-custodial parent. The peace and tranquility of this marriage had been broken irretrievably before Chad was injured. There is no longer any reason for the enforcement of the immunity rule for the father's benefit. When there is no logical reason for a rule of law to be applied, a court will not do so. *Brooks v. Robinson,* (1972) 259 Ind. 16, 284 N.E.2d 794.

Father relies on *Smith, supra,* as authority for the doctrine of parental immunity from suit. As we noted, however, in *Smith* the family was still intact. In an earlier case, *Treschman v. Treschman,* (1901) 28 Ind.App. 206, 61 N.E. 961, a stepmother grabbed her husband's child by the ears and jammed its head against a brick wall five or six times severely injuring the child. At the time suit was brought, the father and stepmother had been living separate and apart for some time. "The family relation, so far as appellant was concerned, had ceased to exist," the court said. *Treschman,* 61 N.E. at 963.

The Missouri Supreme Court recently considered a case where a ten year old plaintiff brought suit against her father for the wrongful death of her mother. They were divorced at the time and the mother had the primary, general custody of the unemancipated minor child. In reaching its conclusion, the court reasoned as follows:

The court has taken the position that public policy in the preservation of family harmony wherever possible justifies maintaining the doctrine of parental immunity in appropriate circumstances. As in Baker, we recognize that this general rule barring suits in tort between parent and child in the interests of family harmony is not absolute and should not be applied where the reason for the doctrine does not exist... In the instant case the family in its traditional sense has already been disrupted through divorce prior to the time this cause of action arose, and the child was not in the custody of her father, the alleged tortfeasor. Instead, a new family unit had been established which consisted of plaintiff and her mother. It was to her mother that the plaintiff looked primarily to provide the daily necessities of life and for continuity in security and affection. It was plaintiff's mother who exercised parental control and provided discipline as needed... When the right of discipline and family association has been surrendered, a rule intended to preserve their integrity is not applicable.

*Fugate v. Fugate,* (1979) Mo., 582 S.W.2d 663, 668–9. To the same effect, see *Bondurant v. Bondurant,* (1980) La.App., 386 So.2d 705; *Wyatt v. Bernhoester,* (1979) Mo.App., 585 S.W.2d 130; and *Bahr v. Bahr,* (1972) Mo., 478 S.W.2d 400.

We believe, as did Hunter, J. in *Brooks:*

This approach completely reflects both the letter and the spirit of Art. 1 § 12 of the Constitution of the State of Indiana, which provides:

"All courts shall be open; and every man, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay."

284 N.E.2d at 798.

Father points out he had a right of visitation with his child in this case. He argues it would be confusing at best and "discrimination" to permit suit against the non-custodial parent but keep the custodial parent immune therefrom.

We perceive no confusion arising from our decision. The parental immunity rule and the reasons therefor are precisely stated in *Vaughan, supra.* Our decision and its reasons are precisely stated herein. We have thus clarified rather than confused the matter. There is no discrimination in the

position we take today because visitation is not the equivalent of custody. No logical reason grounded either in public policy or common sense can be advanced for continued imposition of the immunity rule in favor of a non-custodial parent where the marriage has been dissolved. The domestic peace and tranquility of the family already has been broken in such cases.

### III.

■ Clearly, mother can bring suit against father for the recovery of medical expenses and loss of her child's services. A suit brought by a parent to recover the value of lost services of a minor child resulting from an injury caused by a defendant is an action for injury to property rights. *Thompson v. Town of Fort Branch,* (1931) 204 Ind. 152, 178 N.E. 440. A wrongful act resulting in an injury to a minor child gives rise to two causes of action, one in favor of the injured child for personal injuries inflicted and the other in favor of the parent for loss of services. *Automobile Underwriters, Inc. v. Kamp,* (1941) 109 Ind. App. 389, 32 N.E.2d 112. By statute, the custodial parent is entitled to maintain an action for injury to a child. IC 34–1–1–8.

■ Mother may not collect twice for Chad's medical expenses. A judgment in this action when paid would be a set off against any additional claim she might assert in the future for medical expenses arising from this incident.

Although it is of interest to note the doctrine of interspousal immunity has been abrogated in Indiana, cf. *Brooks v. Robinson,* (1972) 259 Ind. 16, 284 N.E.2d 794, that doctrine would in any event not apply to the facts of this case. The parties' marriage was dissolved prior to the injuries of which complaint is made.

We reverse and remand for further proceedings consistent with this opinion.

YOUNG, P.J., and MILLER, J., concur.